Edgar Overocker, Plaintiff-Appellee, v. Manley Retoff, et al., d/b/a Retoff's Tavern, and Mary Retoff, Defendants-Appellants.

**Gen. No. 67–55.**

Third District.

March 6, 1968.

Rehearing denied April 1, 1968.

Berry & O'Conor, of Ottawa, for appellants.

Tom Flood, of Streator, for appellee.

ALLOY, P. J.

The defendants, Manley Retoff, John Retoff, and Louis Retoff, d/b/a Retoff's Tavern, and Mary Retoff, appeal from a judgment of the Circuit Court of LaSalle County in

favor of plaintiff Edgar Overocker, in the sum of $11,000 for injury to himself and in the sum of $2,000 for the loss of support for his four minor children. The action was brought by the plaintiff, Edgar Overocker, in two counts under the Illinois Dram Shop Act. In one count, plaintiff sought damages for personal injury, and in the other plaintiff sought damages for loss of means of support of his four minor children as a result of the injury sustained by plaintiff. The jury had returned a verdict of $11,000 for injuries under the first count and $5,000 for loss of support under the second count. The $5,000 amount was reduced to $2,000 by a remittitur which was the result of a denial of a motion for a new trial as to such count conditioned on plaintiff electing to remit $3,000 of the verdict returned under Count Two.

Plaintiff went to the tavern of defendants in the early evening of March 13, 1964. Around 8:00 p. m. he was watching a card game along the south wall of the tavern. An Earl King and a William Bradley were in the tavern at such time and there was evidence that they were intoxicated from drinking alcoholic liquors sold to them by defendants. These two men got into an argument and a scuffle resulted and both men went to the floor with King on top of Bradley. When they fell to the floor, plaintiff was about 15 feet away in the area of the card game. Plaintiff then walked over to the two men to help them or to break up the fight. There is a conflict in the evidence as to what ensued thereafter. There is evidence, however, that as plaintiff sought to pull King off Bradley, either King or plaintiff slipped and King fell across plaintiff's legs so that plaintiff sustained a broken hip. It is clear, however, that plaintiff was injured while attempting to break up a fight by two men who had become intoxicated in defendants' tavern. There is also evidence to the effect that one of the men fell upon plaintiff as a result of such activity.

14

The evidence disclosed also that plaintiff was a painter and, as a result of the accident, he was in the hospital for 42 days (sustaining a bill of $1,070.85); that he lost 29 weeks of work plus part of two more weeks (involving a total loss of earnings of $3,552.50); and that he likewise incurred a doctor bill of $210. Plaintiff was divorced from his wife and under the divorce decree he owed $40 a week child support for his four children which he was not able to pay while he recovered from his injury (involving a loss of about $1,280). It was also shown that since plaintiff had returned to work he was off an additional five days with muscle spasm which came as a result of the injury. There was testimony to the effect that his injury could result in loss of time in the future.

On appeal in this court, defendants contend that the evidence was insufficient to establish a cause of action and that the court should have directed a verdict for defendants; that the verdicts were against the manifest weight of the evidence; that the trial court improperly admitted certain evidence over the objection of defendants; and, that the damages awarded were excessive and the result of passion, prejudice and improper evidence. In connection with such contentions, defendants assert that the proof in the case fails to establish what is sometimes referred to as a "by" cause of action under the Illinois Dram Shop Act on the theory that to constitute such a cause of action it is necessary to show that the injury is the result of a direct affirmative act by the intoxicated person, and there must be a showing of a chain of causal connection between intoxication and injury to the plaintiff.

██ Under the Dram Shop Act in 1874, the statute provided for two separate and distinct causes of action. One was for the direct injury actually inflicted by an intoxicated person which was called the "by" cause of action. The other was for damages arising as a conse-

quence of the intoxication, which was termed the "in consequence" cause of action (King v. Haley, 86 Ill 106; Howlett v. Doglio, 402 Ill 311, 83 NE2d 708). In 1955 the Illinois Dram Shop Act (1965 Ill Rev Stats, c 43, par 135) was amended to provide that:

> "Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person . . .

> "An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person resulting as aforesaid."

It is apparent from the language of the Act that the distinction between the two causes of action referred to was carried over into the 1955 statute.

A "by" cause of action under the Illinois Dram Shop Act is any action where a person, or his or her property or means of support are injured by the direct affirmative act of an intoxicated person (Hernandez v. Diaz, 31 Ill2d 393, 202 NE2d 9). Other cases where plaintiff can show that as a consequence of someone's intoxication, he or she suffered injuries to their means of support is an "in consequence" type of action. A typical "in consequence" type of action involves a situation where the husband becomes intoxicated and, due to such intoxication, injures himself and thus causes injury to the means of support of his wife. Before the 1955 amendment, there may have been some significance to the distinction between the "by" cause of action and the "in consequence" cause of action by reason of the proof required in each type of action. Plaintiff was required to prove that the intoxication was a proximate cause of the injury

16

when proceeding under the "in consequence" type of action, while this was not essential where the procedure was under a "by" cause of action (Hill v. Alexander, 321 Ill App 406, 53 NE2d 307; Cox v. Hrasky, 318 Ill App 287, 47 NE2d 728). Since in the "by" cause of action the injury to the person or property meant actual personal violence by the intoxicated person as against the person or property, it was assumed that the damage or injury resulted by reason of the intoxication upon proof of the damage or injury by the intoxicated person.

While we see no significance in the distinction between the "by" and "in consequence" cause of action in the instant case, for the purposes of our analysis we can consider the instant case to be a "by" cause of action. The reason therefor is that it was the direct act of two fighting and quarrelling intoxicated persons which caused the injury both to plaintiff and to the means of support for his four minor children. Since the courts of Illinois have enlarged the scope of recovery under the "by" causes of action, such plaintiff is also required to show a causal connection in such "by" causes of action (St. Clair v. Douvas, 21 Ill App2d 444, 158 NE2d 642). In the St. Clair v. Douvas case, at pages 452–453, the court stated:

> "Under the Act two causes of action are given: one for an injury resulting from the direct affirmative act of an intoxicated person, and the other for an injury resulting 'in consequence of the intoxication, habitual or otherwise.' Whiteside v. O'Connors, 162 Ill App 108; Hill v. Alexander, 321 Ill App 406. In any case where the injury is caused 'by' or 'in consequence' of the intoxication there must be shown a chain of causal connection, and in the case of an 'in consequence' injury, since the case of Shugart v. Egan, 83 Ill 56, the rule in Illinois had been that the plaintiff is required to prove the element of proximate or effective cause . . . It would be idle to spec-

17

ulate as to whether or not a more consistent result would not have been reached if the courts had held that there must be a causal connection between the selling of the intoxicating liquor and the acts resulting in the loss of support without bringing into the picture the technical and confusing interpretation of the legal meaning of proximate cause."

What the court was apparently saying is that in both the "by" and "in consequence" cases, there must still be shown "a chain of causal connection," while in the "in consequence" type of case there must be an additional showing of proximate cause. This is a distinction of no significance in the instant case.

We conclude that plaintiff, seeking recovery under the type of action involved, was required to show a chain of causal connection between the intoxication of the two men involved in the fight and the injury to the plaintiff. In the record before us, there was sufficient evidence of a chain of causal connection to sustain the verdict of the jury. The two men became intoxicated in the tavern. As a result of the intoxication, they engaged in an argument and a fight, and as plaintiff attempted to break up the fight he was injured. There was evidence to the effect that one of the intoxicated men fell upon the leg of plaintiff. Whether plaintiff slipped as he reached the fight or whether the intoxicated individual fell upon plaintiff's leg, the record would still show that there was a causal connection between the intoxication and the injury to plaintiff. The defendant-tavern operators could reasonably foresee that if men became intoxicated, a quarrel and eventually a fight might ensue, and that someone might be injured other than those engaged in the fight. This injury could result from merely watching the fight, or trying to avoid it, or trying to break it up.

The case of Klopp v. Benevolent Protective Order of Elks, 309 Ill App 145, 33 NE2d 161, involved a dramshop

case which was quite parallel to the case before us. In the Klopp case, the plaintiff and his wife had gone to the Elks' Club for the evening. A Mr. Bartlett, who was in the club, became intoxicated and as he was being forcibly taken out, a fight began and plaintiff's wife was knocked to the floor. Plaintiff then walked in and when he went to aid his wife he was also knocked to the floor and his leg was broken. There was no showing that Bartlett or the person with whom he began fighting were the ones who injured the plaintiff, since plaintiff was an innocent bystander in what was termed a general brawl. Defendant in the Klopp case contended that the injuries of the plaintiff came from an intervening cause, that cause being from a man who was not intoxicated. The court affirmed recovery for plaintiff and stated (at pages 151–152):

> "The question of proximate cause under the evidence herein became one of fact to be determined, not alone from isolated circumstances, but from a fair and impartial consideration of the whole of the evidence . . .

> "The natural and logical sequence of the events resulted entirely from the drunkenness of Bartlett caused by liquor furnished him by the defendant, and was the natural and probable consequence of selling and giving him intoxicating liquor. It is common knowledge that drunken brawls result in places where liquor is sold and drunk, and such brawls are frequently, if not usually, preceded by insolent and quarrelsome language on the part of intoxicated persons. It is a frequent occurrence in our nisi prius courts that suits seeking recovery of damages under the Dram Shop Act arise wherein altercations so begun have ended in fights and resultant injuries to the person, property or means of support of some other person or persons. To hold that a sober person

who happened to be in a position to be injured in consequence of a condition caused by a dispenser of liquor could not recover would defeat the purpose of the statute. While statutes which are penal in character are generally to be strictly construed, the prevailing view is that legislation supplying remedies for injuries or damages caused by intoxication is remedial in its character and should be so construed as to suppress the mischief involved and advance the remedy provided for in the statute."

In the case of Hernandez v. Diaz, supra, four men became offensive in a tavern and when a guard attempted to eject them, the guard's gun went off, injuring plaintiff who was an innocent patron in the tavern and had nothing to do with the four intoxicated men. The complaint against the tavern was dismissed and the Appellate Court affirmed this ruling, but the Supreme Court reversed it and held that the plaintiff had stated a cause of action. It did away with any possible theory in Illinois that the intoxicated person must personally injure the plaintiff. The court stated (at page 398):

"We have found no case in Illinois which states that the direct affirmative act of the intoxicated person must be performed on or done to the person injured. What is required under the theory of a 'by' action is that the direct affirmative act of an intoxicated person must have a causal connection with the injuries sustained by the plaintiff. Mr. Justice Burke, in his dissenting opinion in the case, at bar, stated:

" 'Plaintiff seeks recovery on the basis that he was injured "by" an intoxicated person as interpreted by the judicial decisions setting forth the element of a "by" case. Under the reasoning in St. Clair v. Douvas, 25 Ill App2d 444, plaintiff is required to prove a chain of causal con-

nection between the intoxication and the injury. . . . .'

"We concur in this reasoning. If an intoxicated person commits an act which has a direct causal relation to the injury of another, the injury is caused 'by' the intoxicated person. If a drunken driver causes an innocent driver to leave the highway and injure a pedestrian, the pedestrian has been injured *by* the intoxicated person as much as if his vehicle had struck the injured person. We conclude that 'by' as used in the Liquor Control Act is the equivalent of a causal relation between an act of the intoxicated person and the injury."

■■ On the basis of the cases to which we have referred, it is apparent that there was sufficient evidence from which a jury could find a chain of causal connection between the intoxication and the injury to the plaintiff. The question of proximate cause is properly a question for the jury (Triggs v. McIntyre, 215 Ill 369, 74 NE 400). As to contributory negligence, the remedy under the Dram Shop Act is statutory and not based upon negligence and, therefore, contributory negligence is not involved as a factor (Quatrano v. Marrocco, 61 Ill App2d 1, 208 NE2d 632). We also see no substance to the argument that the verdict was against the manifest weight of the evidence, in view of the record in the case.

■ The award of damages for injuries to the person of the plaintiff under Count One in the sum of $11,000 in our judgment was not excessive. Plaintiff showed that he had a hospital bill of $1,070.85, a $210 doctor bill and had lost $3,552.50 in wages while off work. There was medical testimony that plaintiff would probably experience muscle spasms in the future which could impair his earning ability. He had already lost five days' work from muscle spasms, and plaintiff's doctor testified that,

21

based upon a reasonable degree of medical certainty, he would have the same trouble in the future, particularly if he overexerted himself.

 On the question of evidence objected to, the basic objection made by defendants concerns the testimony of plaintiff's doctor as to the possibility of plaintiff experiencing arthritis in the future. Following some general questions in regard to arthritis from a metal plate in the body, the plaintiff's doctor was asked:

"Q. Do you have an opinion, doctor, again based on your knowledge of this case and upon a reasonable degree of medical certainty as to whether or not an arthritic condition could or might occur in the future in Mr. Overocker?

"A. Well it might occur, but I don't think it will."

We agree that the question was improper since the doctor should not have been allowed to give his opinion as to what "might" develop in the future, and when the doctor answered "it might occur" this was also improper. Nevertheless, when he stated "but I don't think it will," we conclude that the effect of the doctor's testimony was that while arthritis might develop in the future, it was his opinion, based upon a reasonable degree of medical certainty, that it would not occur. The jury could not have been misled so as to reach an excessive verdict on the basis of such question and answer. Therefore, we feel that the error would be harmless and would not justify a reversal. It is our conclusion accordingly that there was no reversible error in the ruling on objections to testimony, nor was the verdict of the jury excessive considering all of the factors in evidence in this cause.

 While plaintiff had elected to remit $3,000 of the verdict of $5,000 which the jury had returned with

respect to the damages for loss of means of support for the minor children, plaintiff in this Court asserts that the verdict of the jury as to Count Two was proper, and that the remittitur should be opened up and the original assessment of damages by the jury under Count Two should be approved. Under section 68.1(7) of chapter 110, 1967 Illinois Revised Statutes, it is provided that:

> "A party who consents to a remittitur as a condition to the denial of a new trial is not thereby precluded from asserting, on appeal by the opposite party, that the amount of the verdict was proper. No cross appeal is required."

The evidence in this cause showed that there was an actual out-of-pocket loss at the time of trial for lost time, as far as the children were concerned, of $1,280. The evidence also showed that the physical condition of plaintiff, as a result of the injury, could in the future result in further loss of earnings. It was shown that plaintiff would be reasonably certain to suffer muscle spasms as a result of the injury which could reasonably lead to future loss of time. On the basis of such record, the verdict of the jury as to the loss of support by the minor children raised a question of fact which was reasonably within the province of the jury to determine and within the range of the evidence as presented. A preponderance of the evidence certainly would not be against such verdict. We, therefore, conclude that the verdict of the jury was proper and should be restored as to the damages found under Count Two of the complaint.

This cause will, therefore, be affirmed with respect to the $11,000 judgment in favor of Edgar Overocker, but this cause is remanded to the trial court as to Count Two of the complaint with directions to the trial court to reinstate the verdict of the jury in the sum of $5,000 and

to enter judgment thereon in the sum of $5,000 for injuries to the means of support of the four minor children as herein stated.

Affirmed in part and reversed in part.

STOUDER and SCHEINEMAN, JJ., concur.