(No. 86708.

MARY MORRIS, Adm'r of the Estate of Georgia Holland, Deceased, v. WILLIAM L. DAWSON NURSING CENTER, INC. (Charna Ervin, Appellee; Mary Morris *et al.*, Appellants).

*Opinion filed September 23, 1999.*

Reed Millsaps, of Northbrook, for appellants.

Jerome F. Crotty, of Rieck & Crotty, P.C., of Chicago, Karen L. Kendall, of Heyl, Royster, Voelker & Allen, P.C.,

of Peoria, and Carol L. Henderson, of Gulfport, Mississippi, for appellee.

Gordon R. Broom and Robert J. Evola, of Burroughs, Hepler, Broom, MacDonald & Hebrank, of Edwardsville, for *amicus curiae* Illinois Association of Defense Trial Counsel.

JUSTICE HEIPLE delivered the opinion of the court:
The issue in this case is whether, under the Wrongful Death Act (Act) (740 ILCS 180/2 (West 1998)), dependent brothers and sisters of a decedent may share in the proceeds of a successful wrongful death suit even though decedent is also survived by descendants. We hold that this issue is resolved by reference to the laws of intestate succession, and that under the facts of this case, decedent's grandchildren alone are next of kin and thus are entitled to share exclusively in the proceeds of such a suit.

## BACKGROUND

The dispute in this case arises out of the death of decedent, Georgia Holland, at a nursing home. At the time of her death, decedent was survived by her two adult grandchildren (one of whom is the appellee herein), as well as by seven adult brothers and sisters (each of whom is an appellant herein). Following decedent's death, Mary Morris, as administrator of decedent's estate, filed personal injury and wrongful death actions in the circuit court of Cook County, law division, against, among others, defendant William L. Dawson Nursing Center, Inc. After defendant offered to settle both claims for $300,000, Morris filed a motion seeking approval of the proposed settlement, determination of next of kin and dependency of each, and dismissal of the suits. On August 12, 1997, the trial court approved the proposed settlement and apportioned 60% of the total proceeds as settlement of the

personal injury action and the remaining 40% as settlement of the wrongful death action. The trial court found the personal injury settlement proceeds distributable to decedent's heirs, namely, her two grandchildren, appellee Charna Ervin and Joe Louis Ervin. With respect to the wrongful death proceeds, the trial court determined the decedent's next of kin and dependency of each pursuant to the Act as follows: Joe Louis Ervin (grandson) – 0%; Charna Ervin (granddaughter) – 0%; Mary Morris (sister) – 40%; Audrey McMillan (sister) – 20%; Edna Ruth Kelley (sister) – 20%; Clarence Jones (brother) – 5%; Lewis Jones (brother) – 5%; Barbara Jean Coleman (sister) – 5%; and Bonnie Jean Dickerson (sister) – 5%. On August 21, 1997, the probate division entered an order authorizing Morris, as administrator of decedent's estate, to accept the settlement of the law division cases, and to distribute the proceeds therefrom consistent with the law division's August 12 order and determination of dependencies.

Charna Ervin filed separate notices of appeal from both the August 12 law-division order and the August 21 probate-division order. Those appeals were consolidated by order of the appellate court. After hearing the case, the appellate court reversed the orders of the circuit courts. In so doing, the appellate court held that only decedent's grandchildren, and not her surviving brothers and sisters, were decedent's "next of kin," and thus, only the grandchildren were eligible to recover wrongful death proceeds.

## ANALYSIS

In enacting the Wrongful Death Act, the General Assembly created a statutory cause of action which affords a remedy to a defined class of individuals upon the wrongful death of another. By its terms, the Act sets forth who may bring an action for wrongful death and states for whose benefit such an action may be maintained. The Act provides:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person ***." 740 ILCS 180/2 (West 1998).

The Act also delineates how the proceeds of a successful wrongful death suit are to be apportioned among the eligible beneficiaries:

"The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court, to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." 740 ILCS 180/2 (West 1998).

The Act does not, however, provide a definition for the statutory phrase "next of kin."

This court first had occasion to consider the meaning of the phrase "next of kin" within the context of the Wrongful Death Act more than 70 years ago. In *Wilcox v. Bierd*, 330 Ill. 571 (1928), *overruled on other grounds*, *McDaniel v. Bullard*, 34 Ill. 2d 487 (1966), this court held that "[t]he next of kin of any deceased person are definite blood relatives or a definite class of blood relatives or kinsmen in existence at the time of the death of the deceased who would take his personal property in case he died intestate." *Wilcox*, 330 Ill. at 582. Thus, for purposes of determining a decedent's next of kin within the meaning of the Wrongful Death Act, Illinois courts look to the laws of intestacy.

In the case at bar, decedent was survived both by brothers and sisters and by grandchildren. Pursuant to section 2—1(b) of the Illinois Probate Act of 1975 (755 ILCS 5/2—1(b) (West 1998)), the estate of a decedent leaving no surviving spouse but who is survived by de-

scendants is distributed among those descendants *per stirpes*. Thus, under the laws of intestate succession, decedent's grandchildren would share in decedent's estate to the exclusion of decedent's brothers and sisters. As a consequence, under *Wilcox*, decedent's grandchildren alone are decedent's "next of kin" within the meaning of the Wrongful Death Act, and they alone are entitled to share in the proceeds of the wrongful death suit.

Seeking to avoid the clear import of this court's holding in *Wilcox*, appellants point out that the Wrongful Death Act has been amended by the legislature subsequent to the time of that 1928 decision. Indeed, at the time of that decision, the Act provided, in relevant part, that

> "the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate." 1853 Ill. Laws 97, cited in *Wilcox*, 330 Ill. at 579.

Twenty-seven years later, in 1955, the General Assembly amended the Act by substituting the following language:

> "The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of agreed settlement, by the county or probate court, as the case may be, to each of the widow and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." Ill. Rev. Stat. 1955, ch. 70, par. 2.

Appellants argue that the 1955 amendments to the Wrongful Death Act evidence an intent by the legislature to eliminate the laws of intestacy as the basis for identifying the proper beneficiaries of a wrongful death suit. We disagree.

Even after the 1955 amendments were enacted, the Wrongful Death Act continued to provide that "the amount recovered in every such action shall be for the exclusive benefit of the widow and *next of kin* of such deceased person." (Emphasis added.) Ill. Rev. Stat. 1955, ch. 70, par. 2. We note that in amending a statute, the legislature is presumed to have been aware of judicial decisions interpreting the statute and to have acted with this knowledge. *People v. Hickman*, 163 Ill. 2d 250, 262 (1994). In this case, therefore, we must presume that when the General Assembly amended the Wrongful Death Act, it was aware of this court's decision in *Wilcox* and intended to adopt this court's construction of the term "next of kin." Thus, while the General Assembly abandoned the laws of intestate succession as the basis for determining how wrongful death proceeds are distributed among the class of eligible beneficiaries, it manifestly retained the laws of intestacy as the means for identifying the members of that class.

Appellants argue in the alternative that the *Wilcox* decision should simply be rejected as incompatible with the modern view of the purpose underlying the Wrongful Death Act. They contend that the fundamental purpose of the Act is to provide compensation. In appellants' view, therefore, the Act should not be construed so as to allow nondependent grandchildren to recover to the exclusion of dependent brothers and sisters. This is purely a policy argument, however, which lies within the domain of the legislature and not the Illinois Supreme Court.

We therefore hold that under the facts of this case and consistent with the plain language of the Wrongful Death Act, decedent's surviving grandchildren are next of kin and are eligible to share in the proceeds of the suit; decedent's brothers and sisters are not next of kin and can take no share of such proceeds. The judgment of the appellate court is affirmed.

*Affirmed.*