THIRD DIVISION

March 01, 2000

No. 1-99-2197

ANNIE BOOKER, Independent Adm'r ) Appeal from the

of the Estate of Queen Ester Purnell, ) Circuit Court of

Deceased, ) Cook County

) 

Plaintiff-Appellant, )

) No. 95 L 3192

)

)

SURENDER LAL and JAMES SCHIAPPA, ) Honorable

) Ronald F. Bartkowicz,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

This is a variation on the "rich old bachelor" scenario that turns up in law school estates courses.  If a rich old Illinois bachelor dies without a will, our Probate Act tells the probate court how to distribute his estate.  Because the bachelor never married or fathered children and his parents predeceased him, the Act directs the court's attention to brothers and sisters.  If a bachelor has two surviving sisters, they will split his estate.  But if one of the sisters dies before the bachelor, leaving children, her half-share is not distributed to the surviving sister–it is distributed to the children of the dead sister.  They move up to share in her share.  We have an old Latin phrase for this that survives to this day in our Probate Act: "per stirpes."  It survives to confound and confuse law students because the Latin is shorter than any English translation the law has devised; for example, "standing in the shoes of a deceased ancestor."  

In this case, the trial court understood how the Probate Act works, but concluded that the distribution scheme of the Probate Act should not apply here because the estate assets in dispute were proceeds from a wrongful death action.  Yet, the judge was not certain, so he certified the question under Supreme Court Rule 308 (134 Ill. 2d R. 308), which led to this appeal.  We reverse, finding that the question is controlled by our supreme court decision in 
Morris v. William L. Dawson Nursing Center, Inc.
, 187 Ill. 2d 494, 719 N.E.2d 715 (1999).

Plaintiff Annie Booker, independent administrator of the estate of Queen Ester Purnell, brought this action under the Wrongful Death Act (740 ILCS 180/1 
et
 
seq.
 (West 1998)), alleging the negligence of defendants Dr. Surender Lal and Dr. James Schiappa.  The trial court ruled that the only beneficiaries who could recover as next of kin were Purnell's brothers and sisters alive at the time of her death.  The court excluded the children of Purnell's brothers who had predeceased Purnell.  The trial court certified two questions for review under Supreme Court Rule 308, and plaintiff filed this appeal.  The questions read:

"(A) Where Plaintiff's decedent's siblings are next-of-kin for purposes of the Wrongful Death Act, are the children of the siblings that pre-deceased Plaintiff's decedent also next-of-kin under the Wrongful Death Act?

(B) Whether in the absence of a spouse, parents or children, the only class of people who may take under the Wrongful Death Act are those siblings who are alive at the time of trial?"

At the time of her death, Purnell was survived by five brothers and sisters.  Two other brothers had predeceased Purnell, but they in turn were survived by a total of 14 children who were living at the time of Purnell's death.  The trial court granted defendants' motion 
in limine
 to bar the testimony of Betty Stewart, a child of one of Purnell's predeceased brothers.  The court ruled that, because Stewart was not "next of kin" under the Wrongful Death Act, her testimony would be irrelevant.

Plaintiff argues on appeal that next of kin under the Wrongful Death Act are "those blood relatives of decedent in existence at decedent's death who would take decedent's property if decedent had died intestate."  
In re Estate of Finley
, 151 Ill. 2d 95, 101, 601 N.E.2d 699, 701 (1992), citing 
Wilcox v. Bierd
, 330 Ill. 571, 582, 162 N.E. 170, 175 (1928), 
overruled on other grounds
, 
McDaniel v. Bullard
, 34 Ill. 2d 487, 216 N.E.2d 140 (1966).  To determine wrongful death beneficiaries, courts must apply the Illinois Probate Act of 1975 (Probate Act) (755 ILCS 5/2-1 (West 1998)).  We agree.

Our supreme court in 
Morris v. William L. Dawson Nursing Center, Inc.
, 187 Ill. 2d 494, 497, 719 N.E.2d 715, 717 (1999), reaffirmed that the laws of intestacy are the means for identifying the class of eligible beneficiaries to wrongful death awards.  In 
Morris
, the supreme court found that a decedent's surviving grandchildren are next of kin under the Wrongful Death Act, to the exclusion of the decedent's brothers and sisters, because "under the laws of intestate succession, decedent's grandchildren would share in decedent's estate to the exclusion of decedent's brothers and sisters."  
Morris
, 187 Ill. 2d at 498, 719 N.E.2d at 718.

Here, the applicable law of intestate succession entitles Purnell's brothers and sisters and the children of her deceased brothers alive at the time of her death to share in her estate.  The rules of descent and distribution provide:

"(d)  If there is no surviving spouse or descendant but a parent, brother, sister or descendant of a brother or sister of the decedent: the entire estate to the parents, brothers and sisters of the decedent in equal parts, allowing to the surviving parent if one is dead a double portion and to the descendants of a deceased brother or sister per stirpes the portion which the deceased brother or sister would have taken if living."  755 ILCS 5/2-1(d) (West 1998).

 So Purnell's next of kin under the Wrongful Death Act are her brothers and sisters and the children of her deceased brothers alive at the time of her death.

Defendants argue that "next of kin" has been narrowly construed by the courts and should be narrowly construed here to exclude Purnell's nieces and nephews.  They cite cases in which "next of kin" excluded brothers and sisters in favor of grandchildren (
Morris
, 187 Ill. 2d at 498, 719 N.E.2d at 718) and parents in favor of a surviving spouse (
Miller v. Kramarczyk
, 306 Ill. App. 3d 731, 734, 714 N.E.2d 613, 615 (1999); 
Jo Lou Mio v. Alberto-Culver Co.
, 306 Ill. App. 3d 822, 827, 715 N.E.2d 309, 313 (1999)).  Defendants do not mention that these cases were decided by consulting the laws of intestate succession in the Probate Act.  Nothing in the Wrongful Death Act alters the general rule that the survivors eligible for a wrongful death award are determined by the descent and distribution provisions of the Probate Act.  

Defendants argue that the final phrase of subsection (d) of the Probate Act (755 ILCS 5/2-

1(d) (West 1998)) ("and to the descendants of a deceased brother or sister per stirpes the portion which the deceased brother or sister would have taken if living") merely describes a method of distribution in the intestacy context and does not define the class of beneficiaries for purposes of the Wrongful Death Act.  "[W]hile the General Assembly abandoned the laws of intestate succession as the basis for determining how wrongful death proceeds are distributed among the class of eligible beneficiaries, it manifestly retained the laws of intestacy as the means for identifying the members of that class."  
Morris
, 187 Ill. 2d at 499, 719 N.E.2d at 718.  For purposes of the Wrongful Death Act, we need only consult the first phrase of subsection (d) of the Probate Act, which defines the class of beneficiaries.  Subsection (d) begins: "If there is no surviving spouse or descendant but a parent, brother, sister or descendant of a brother or sister of the decedent *** ."   755 ILCS 5/2-1(d) (West 1998).  The remainder of the section describes the portion each beneficiary will receive under intestate succession.  The Wrongful Death Act, however, imposes an additional test on those beneficiaries, based on the dependency of each beneficiary on the decedent.  740 ILCS 180/2 (West 1998). 

The answer to certified question (A) is yes.  The class of eligible beneficiaries to wrongful death proceeds in this case includes Purnell's brothers and sisters and the children of her predeceased brothers alive at the time of her death.  It remains for the trial court to decide the percentage of dependency (if any) of each eligible beneficiary on Purnell.

Both parties agree that the answer to certified question (B) is no.  A beneficiary to wrongful death proceeds must be living at the time of decedent's death.  
In re Estate of Finley
, 151 Ill. 2d 95, 101, 601 N.E.2d 699, 701 (1992).  A beneficiary's cause of action does not abate at his death, and any award he eventually receives is distributed as part of his estate.  
McDaniel
, 34 Ill. 2d at 494, 216 N.E.2d at 144.  All eligible beneficiaries alive at the time of Purnell's death may take under the Wrongful Death Act, even though they may have died before trial.

We remand this cause for further proceedings consistent with this opinion.

Certified questions answered; cause remanded.

CERDA and WOLFSON, JJ., concur.