**Edwin L. Shepherd, Sr., et al., Plaintiffs-Appellants, v. James Marsaglia, d/b/a Jake's Tavern, et al., Defendants-Appellees.**

Gen. No. 11,426.

Second District, Second Division.

July 31, 1961.

Rehearing denied September 1, 1961.

379

Peacock & Peacock, of Morris, for appellants.

Moran, Klockau, McCarthy, Schubert & Henss, of Rock Island, August B. Black, of Morris, Heineke, Conklin & Schrader, of Chicago, Richard Wilder, Root & Malmquist, Dunn & Hayes, all of Morris, and McKinley & Price, of Chicago, for appellees.

WRIGHT, J.

This is an appeal from an order entered by the Circuit Court of Grundy County, Illinois, dismissing Counts I, II and IV of plaintiffs' complaint and entering judgment in favor of the defendants. The complaint originally consisted of four counts but Count III was dismissed on oral motion of plaintiffs.

Count I of the complaint referred to by the parties as a "common law" count alleges in substance that plaintiff, Edwin L. Shepherd, Jr., is the son of plaintiffs, Edwin L. Shepherd, Sr., and his wife Priscilla M. Shepherd, and that he was on the 23rd day of October, 1957, a minor of the age of nineteen years. That on said date defendants were owners and operators of certain taverns and that the defendants either

personally, or by their agents or employees, did on said date negligently, carelessly, wilfully, intentionally and unlawfully, give, sell and dispense to the said Edwin L. Shepherd, Jr., a minor, intoxicating liquor which he consumed, and that they knew or should have known that Edwin L. Shepherd, Jr., was a male infant under the age of twenty-one years, and that at the time of said sales or gifts the defendants knew or should have known that Edwin L. Shepherd, Jr., was an intoxicated person. It is further alleged that as a direct and proximate result of the sale or gift of the intoxicating liquor to the said minor and his consumption thereof he became intoxicated, and while so intoxicated, did drive a certain automobile off of the main traveled portion of a highway striking a utility pole causing serious personal injuries to himself.

Damages are prayed on behalf of all three plaintiffs against all defendants under Count I in the sum of $100,000.

Count II is also referred to by the parties as a "common law" count and prays judgment on behalf of all three plaintiffs against all defendants in the sum of $100,000.00.

All of the allegations alleged in Count I are realleged in Count II, and in addition, Count II alleges a violation of Section 12 of Article VI of the Dram Shop Act [Ill Rev Stats 1959, c 43, § 131] which provides in substance that no dram shop licensee, agent or employee of such licensee, shall sell, give or deliver alcoholic liquor to any minor, or to any intoxicated person or to any person known by him to be an habitual drunkard, spendthrift, insane, mentally ill, mentally deficient or in need of mental treatment.

Count IV is referred to as a "property damage" count and is brought by the parents of the minor under Section 14 of Article VI of the Dram Shop Act. No relief is prayed for the minor plaintiff, Edwin L.

Shepherd, Jr., in this count. Substantially the same factual situation is alleged in this count as in Count I, and it is further alleged in this count that as a result of the personal injuries sustained by their minor son, the parents have been required to expend great sums of money in and about curing their son of his injuries and will in the future be required to expend large sums of money in that regard, and that as a direct result thereof the plaintiffs have been damaged in their property by an intoxicated person as provided by Section 14 of Article VI of the Dram Shop Act. Count IV concludes by praying judgment in favor of plaintiffs, Edwin L. Shepherd, Sr., and Priscilla M. Shepherd, against all defendants in the sum of $20,-000.00.

There are two questions presented on this appeal. (1) Do Counts I and II of the complaint based on a breach of a "common law duty" and a violation of Section 12 of Article VI of the Dram Shop Act state a cause of action? (2) Does Count IV state a cause of action for damages to the property of plaintiffs, Edwin L. Shepherd, Sr., and Priscilla M. Shepherd, by an intoxicated person under Section 14 of Article VI of the Dram Shop Act?

Subsequent to the filing of the appeal in the instant case and while this court has had the case under advisement, the Supreme Court of Illinois has decisively answered the first question here raised. In Margaret E. Cunningham, et al., v. William Burt Brown, et al., 174 NE2d 153, (Sup Ct Illinois, 1961, No. 35812), the Supreme Court held that Section 14 of Article VI of the Liquor Control Act provides the only remedy against tavern operators and owners of tavern premises for injuries to person, property or means of support by an intoxicated person or in consequence of intoxication.

The opinion in the Cunningham case, supra, written by Justice House ably reviews the historical back-

ground of the present Dram Shop Act and its application to the civil liability of tavern keepers for damages and need not be elaborated on by this court. In view of the opinion in that case, we conclude that the trial court properly struck Counts I and II of the plaintiffs' complaint in the instant case.

In support of the trial court's order of dismissal of Count IV of the complaint, appellees argue that this count reveals on its face that the money expended for the minor's care relates solely to the minor, Edwin L. Shepherd, Jr., incurring such expenses and that recovery is not allowed by or on behalf of the intoxicated person who wrongfully causes his own injury. An examination of Count IV indicates that there are no such allegations that Edwin L. Shepherd, Jr., incurred or paid any expenses for treatment for his injuries. On the contrary, it is alleged in that count that plaintiffs, Edwin L. Shepherd, Sr., and Priscilla M. Shepherd, are the parents of Edwin L. Shepherd, Jr., a minor, of the age of nineteen years, and that as a direct result of the injuries which he received the plaintiffs have been required to expend great sums of money in and about curing the son of his injuries and will in the future be required to expend large sums of money in that regard, and that as a direct result thereof the plaintiffs have been damaged in their property by an intoxicated person. We, therefore, conclude that Count IV prays damages on behalf of the parents who are the only plaintiffs in this count.

The next contention advanced by the appellees in support of the trial court's order dismissing Count IV is that the parents have not been injured in their property within the meaning of Section 14 of Article VI of the Dram Shop Act. Appellees vigorously contend that the word, "property" within the meaning of Section 14 refers only to tangible real or tangible personal property, and that the payment of medical

383

expenses or the incurring of liability for the payment of the medical expenses of their minor son by the parents is not damage to the parents property. Appellees cite in support of this contention, Howlett v. Doglio, 402 Ill 311, 83 NE2d 708; Dworak v. Tempel, 17 Ill2d 181, 161 NE2d 258, and Eager v. Nathan, 14 Ill App2d 418, 144 NE2d 629. These cases do not support the proposition contended for by the appellees in this case.

In Howlett v. Doglio, supra, plaintiff Hattie Howlett, mother of Dorothy M. Lawler, charged that the death of her daughter was a direct and proximate result of McGarvey's intoxication which in turn had resulted from his drinking intoxicating liquor in taverns of the defendants, Lena Doglio and Irene Giacopazzi, and that "as a direct and proximate result of the death of Dorothy M. Lawler, the plaintiff, Hattie Howlett, has been damaged in her property in the sum of $10,000." There was no allegation in the complaint that plaintiff had been injured in her person or her means of support. Her claim against each defendant was limited to damage to her property.

■ The court in passing on this question held that it was the plaintiff's daughter that was killed and that the plaintiff had no property right in her daughter. The court further held that it could not under the guise or statutory construction extend the common accepted meaning of injuries to property beyond injuries to tangible real or personal property. However, the court, in the opinion stated: "The word 'property,' in law, is not the material object itself, but it is the right and interest or domination which is rightfully and lawfully obtained over the material object, with the unrestricted right to its use, enjoyment and disposition, either limited or unlimited in duration." In our opinion, Howlett v. Doglio, supra, does not hold that in order for a person to be "injured in property"

384

there must be some direct physical injury to his tangible real or personal property.

In Dworak v. Tempel, supra, the court held that an insurance carrier is not entitled to assert a claim in its own right under the Dram Shop Act either before or after the 1955 amendment for payments made to its insured for property injured by an intoxicated person. However, the court stated the carrier may as subrogee assert the valid claim of its innocently injured insured under the Dram Shop Act.

██ In Eager v. Nathan, supra, the court rejected the right of a compensation carrier to recover in its own right under the provisions of the Dram Shop Act. The court held that the carrier could not be included within the category of "other person" under the act, and that the insurance contract rather than the intoxication was the proximate cause of the compensation payments the carrier was required to make.

Chapter 68, Section 15 of the Illinois Revised Statutes, 1959, provides:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

This act imposed a legal liability on the plaintiffs, Edwin L. Shepherd, Sr., and Priscilla M. Shepherd, to pay medical and hospital expenses incurred in the treatment of their minor son, Edwin L. Shepherd, Jr., and we conclude that assets or money used for the payment of such expenses and the incurring of liability for the payment of same is property within the meaning of Section 14 of Article VI of the Dram Shop Act. A person is damaged in his property when his assets or money are depleted by the payment of

such expenses or the incurring of liability for the payment of same. Fortner v. Norris, 19 Ill App2d 212, 153 NE2d 433.

■ Appellees lastly urge that the parents of the minor fail to state a cause of action in Count IV for the reason that there is no allegation therein of an obligation upon them to pay the medical expense by virtue of the Family Expense Statute and that this statute must be specifically pleaded. With this contention, we cannot agree. Plaintiffs allege in Paragraph 14 of Count IV that they have been required to expend great sums of money in and about the curing of their son of his injuries aforesaid and will in the future be required to expend large sums of money in that regard. While it may be better practice to specifically plead the Family Expense Statute, supra, the plaintiffs in Count IV have unquestionably alleged sufficient facts in their complaint to obligate them for payment of such medical expense under this statute.

We, therefore, conclude that by Count IV the plaintiffs, Edwin L. Shepherd, Sr., and Priscilla M. Shepherd, state a cause of action for damages to their property within the purview, meaning and intent of Section 14, Article VI of the Illinois Dram Shop Act.

The order of the trial court dismissing Counts I, II, and IV of the complaint and entering judgment for the defendants is affirmed as to Counts I and II and reversed as to Count IV.

Affirmed in part, reversed in part, and remanded with directions consistent with the views herein expressed.

CROW, P. J. and SPIVEY, J., concur.