Mary Louise Kelly, et al., Plaintiffs-Appellants, v. Wallace Hughes, et al., Defendants-Appellees.

Gen. No. 11,565.

Second District, First Division.

January 16, 1962.

Durka & Fisher, of Waukegan, for appellant.

Wilson, Sieberg, Lynaugh & Abney, of Springfield, Snyder, Clarke, Dalziel, Holmquist & Johnson, and Diver, Diver & Ridge, of Waukegan, for appellee.

McNEAL, J.

This appeal involves the sufficiency of a complaint to recover damages under the Dram Shop Act.

In Count I, plaintiff, Mary Louise Kelly, alleged that she was injured when the motor vehicle which she was operating collided with a vehicle operated by an intoxicated person, and she asked damages of $15,000 against the defendants, who were owners and operators

of various taverns charged with having sold liquor to the driver of the other vehicle. Plaintiff further alleged that she had been supporting her parents and that they had paid her medical expenses. She expressly excluded from her cause of action under Count I any right to recover that portion of her income used to support her parents and also any right to recover the amounts paid by her parents for her medical expenses.

In Count II, Mary Louise Kelly sued on behalf of her parents, John J. Kelly and Ellen F. Kelly. She alleged that she had been supporting them and that they were injured in their means of support by virtue of the collision. She asked damages on their behalf in the amount of $20,000.

In Count III, John J. Kelly alleged that he owned the motor vehicle which his daughter was operating and that the vehicle was damaged in the collision. John J. Kelly and Ellen F. Kelly further alleged that their daughter was unable to support or maintain herself by reason of her injuries, that she was likely to become a public charge, and that they had expended $5,000 in payment of her medical expenses. They alleged that they had been damaged in their property, and asked judgment against the defendants in the amount of $15,000.

Motions were filed to strike Count II and portions of Count III on the ground that such counts permitted a double recovery. The motions were allowed, plaintiffs elected to stand upon Counts II and III, judgment was entered against the plaintiffs on those counts, and this appeal followed.

The statute in question (Ill Rev Stats 1959, c 43, § 135), gives a right of action to every person who is injured in person, property or means of support by an intoxicated person. The statute limits the damages recoverable for injuries to the person to $15,000,

for damages to property to $15,000, and for injury to means of support to $20,000.

██ Count II alleges that the daughter was supporting her parents and that they were injured in their means of support. Count III alleges that the daughter was unable to support herself following the collision, that she was likely to become a public charge, and that the parents had expended $5,000 for her medical expenses. The law is settled that recovery may be had for injury to means of support where the injured person was actually furnishing support, and this is so even though there may have been no legal obligation to do so. Lowrey v. Malkowski, 23 Ill App2d 371, 375, 163 NE2d 528; Robertson v. White, 11 Ill App2d 177, 180, 136 NE2d 550; McClure v. Lence, 345 Ill App 158, 164, 102 NE2d 546; Cook v. Kingan, 332 Ill App 294, 297, 75 NE2d 120. Likewise, the payment of medical expenses by a parent, or by a spouse, constitutes damage to property which is recoverable under the Dram Shop Act. Shepherd v. Marsaglia, 31 Ill App2d 379, 383, 176 NE2d 473, 475; Fortner v. Norris, 19 Ill App2d 212, 215, 153 NE2d 433. In Danley v. Hibbard, 222 Ill 88, 78 NE 39, the Supreme Court held that a complaint stated a good cause of action for damages to property where a mother claimed that she was required to support her adult son because he had become a habitual drunkard and pauper.

██ While it is true that the statute limits the amount recoverable for the various types of damages, yet no authorities have been called to our attention which are to the effect that only one cause of action can arise out of a single collision or accident. On the contrary, it seems apparent that a single collision or accident may give rise to a number of different causes of action, i. e. a number of different persons may be damaged in person or property, or means of support,

317

as the result of a single occurrence. Such appears to be the situation in the case at bar, and the contention that Counts II and III permit a double recovery is obviated by the fact that the daughter expressly excluded any right to recover the items included therein. The situation appears analogous to those cases in which a parent sues on behalf of a minor child and the child is permitted to recover medical expenses even though they were actually paid by the parent. Such procedure is held proper and does not permit a double recovery, because the parent is estopped from thereafter recovering those items of damage recovered by the child. Romine v. City of Watseka, 341 Ill App 370, 380, 91 NE2d 76; Skaggs v. Junis, 27 Ill App2d 251, 262, 169 NE2d 684; and 32 ALR2d 1060, 1083, et seq.

Accordingly we hold that Counts II and III state valid causes of action under the Dram Shop Act. The judgment of the Circuit Court of Lake County is reversed and this cause is remanded with directions to proceed in accordance with the views herein expressed.

Reversed and remanded.

DOVE, P. J. and SMITH, J., concur.