KIM BACHMAN, Indiv. and as Mother and Next Friend of Brandi Bachman *et al.*, *et al.*, Plaintiffs-Appellees, v. SHARON & LO'S PLACE, INC., *et al.*, Defendants-Appellants (J.J.'s River City Landing *et al.*, Defendants).

Third District   No. 3—88—0715

Opinion filed June 12, 1989.—Rehearing denied July 31, 1989.

HEIPLE, J., specially concurring.

E. Richard Johnson, of Peoria, for appellants.

William Brown, of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:
The plaintiffs, Kim Bachman *et al.*, brought suit against the

defendants pursuant to the Dramshop Act (Ill. Rev. Stat. 1983, ch. 43, par. 135). The defendants-appellants, Sharon & Lo's Place *et al.* (hereinafter the defendants) bring this interlocutory appeal from the trial court's denial of their motion to dismiss two counts of the plaintiffs' complaint.

The plaintiffs are the spouse and children of Howard Bachman. After he was killed in a motorcycle accident on July 7, 1985, the plaintiffs sued the defendants under the Dramshop Act. Count II of the complaint alleged that the defendants were liable under the Act to the plaintiffs for injury to their means of support. Count IV of the complaint alleged that the defendants were liable under the Act to the plaintiffs for damage to their property.

The defendants filed a motion to dismiss counts II and IV of the complaint. The trial court denied the motion but granted the defendants' subsequent motion to certify the issue for interlocutory appeal (107 Ill. 2d R. 308). The trial court certified the following question for review:

> "For an accident occurring on July 7, 1985, in which an alleged intoxicated person was killed while operating a motor vehicle, and no third person's conduct contributed to the accident, does the Dram Shop Act [citation], as then applicable, provide a cause of action for the spouse of the alleged intoxicated person to recover for property damage, including damage to the motor vehicle and funeral and medical expenses? If so, is the cause of action an 'in consequence' cause of action or is it a 'by' cause of action?"

■■ Prior to discussing the certified issue, we note that the plaintiffs have filed a motion to strike part of the defendants' brief. The plaintiffs argue that the part which addresses count II of the complaint should be struck because the trial court certified an issue of law which concerned only count IV. The plaintiffs correctly point out that in an interlocutory appeal the reviewing court may only address the question certified by the trial court. (*Potter v. Chicago Heights Motor Freight, Inc.* (1979), 78 Ill. App. 3d 676, 396 N.E.2d 1366.) We agree with the plaintiffs that the question certified by the trial court concerned only count IV. Accordingly, we grant the plaintiffs' motion to strike and shall not consider the part of the defendants' brief addressing count II.

■■ The defendants argue on appeal that the trial court erred in denying the motion to dismiss count IV. They note that under the Dramshop Act a cause of action may be maintained in either of two ways, based on the following statutory language:

"Section 6—21. Every person who is injured in person or property by any intoxicated person, has a right of action *** against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. *** An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person ***." (Ill. Rev. Stat. 1983, ch. 43, par. 135.)

An action for injury to property caused by an intoxicated person is often referred to as a "by" cause of action, and an action for loss of means of support caused by an intoxicated person or in consequence of his intoxication is often referred to as an "in consequence of" cause of action. *Reese v. Roth* (1978), 62 Ill. App. 3d 937, 379 N.E.2d 932.

The defendants argue that under the facts alleged by the plaintiff a "by" cause of action may not be maintained. They contend that the spouse of an intoxicated person suing for injuries caused by the intoxicated person is limited to an "in consequence of" action. The defendants rely on *Hernandez v. Diaz* (1964), 31 Ill. 2d 393, 202 N.E.2d 209, where the court stated that the most prevalent use of the "in consequence of" theory was in loss of support cases where the provider of support was also the intoxicated person. See also *Overocker v. Retoff* (1968), 93 Ill. App. 2d 11, 234 N.E.2d 820.

▮ The authority cited by the defendants does not state that the plaintiffs in this case would be precluded from asserting a "by" action. Moreover, when the statutory language is clear, this court should give effect to its plain and ordinary meaning. (*People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666.) The statute clearly states that a person injured in her property by an intoxicated person may recover for the loss. The spouse in this case sufficiently alleged in her complaint that she had been injured in her property, because she stated that she was liable for medical and funeral expenses arising out of the accident. (Ill. Rev. Stat. 1987, ch. 40, par. 1015; *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745.) Accordingly, we hold that the plaintiffs may attempt to recover for injury to their property under a "by" cause of action. Our conclusion is supported by *Jackson v. Navik* (1976), 37 Ill. App. 3d 88, 346 N.E.2d 116, where the court stated in *dicta* that the wife of a husband injured by his own intoxication may recover for injury to property under a "by" cause of action. See also *Shepherd v. Marsaglia* (1961), 31 Ill. App. 2d 379, 176 N.E.2d 473.

The judgment of the circuit court of Tazewell County denying the motion to dismiss count IV of the complaint is affirmed.

Affirmed.

STOUDER, J., concurs.

JUSTICE HEIPLE, specially concurring:

The Dramshop Act provides in pertinent part:

"Section 6—21. Every person who is injured in person or property by an intoxicated person, has a right of action *** against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. *** An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person ***." Ill. Rev. Stat. 1983, ch. 43, par. 135.

I concur with the result reached in this case. Although the discussion in the opinion relating to the distinction between a "by" cause of action and an "in consequence" cause of action has support in the reported decisions, I find such distinction to be unfortunate. The terms "by" and "in consequence" are equivalent expressions. Attempts to distinguish between the two expressions represent gratuitous judicial accretions in the law which are unnecessary to the purposes of the statute and which, I would surmise, were never contemplated by its drafters or enactors.