MICHAEL WIDMER, Plaintiff-Appellant, v. KAREN LYNN HOOVER, d/b/a
Miss Karen's, *et al.*, Defendants-Appellees.

Third District  No. 3—02—0629

Opinion filed July 30, 2003.

Scott M. Dempsey (argued), of Dodson, Piraino & Associates, of Champaign, for appellant.

Stanley E. Freeman (argued), of Law Office of Ansel & Small, Ltd., of Champaign, for appellees.

PRESIDING JUSTICE McDADE delivered the opinion of the court:

The plaintiff, Michael Widmer, appeals an order of the circuit court dismissing his claim seeking compensation for liabilities he incurred as a result of the death of his wife, Danna Widmer. We affirm.

## FACTS

On February 24, 2001, Danna Widmer and her friend Darla Kuster patronized Miss Karen's, a tavern owned by defendant Karen Hoover. At the bar, Danna drank a substantial amount of alcohol and became drunk. After midnight, on the morning of the 25th, Danna and Darla left the tavern. Danna was driving and dropped Darla off at her house in Loda, Illinois, near Lake Iroquois. Soon after leaving Darla's house, Danna drove her car into the lake and drowned.

Michael Widmer, Danna's widower, became liable for medical and funeral expenses as a result of Danna's death. He filed a two-count complaint against Karen Hoover, James Bristle and Pamela Bristle. Count I of the complaint sought damages under the Dramshop Act (Act) (235 ILCS 5/6—21 (West 2002)) against Hoover, as the owner of the tavern where Danna became intoxicated. Count II sought damages under the Act against the Bristles as owners of the property where the tavern is located. The plaintiff alleged that his wife became drunk at Miss Karen's and as a result of her intoxication, drove her car into the lake and drowned. He also alleged that as a result of his wife's death, he incurred damage to his property in the amount for which he was liable for his wife's medical and funeral expenses under the Rights of Married Persons Act (Family Expense Act) (750 ILCS 65/15 (West 2002)).

The defendants filed a motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2002)) and argued that the Dramshop Act barred the plaintiff from recovering damages for injuries sustained by the intoxicated driver. The trial court agreed with the defendants' interpretation of the statute and dismissed the action. The plaintiff appeals.

## ANALYSIS

The single issue on appeal is whether the widower of an intoxicated driver who is killed in an auto accident as a result of her intoxication can recover under the Dramshop Act (235 ILCS 5/6—21 (West 2002)) for medical and funeral expenses for which he became liable because

of the Family Expense Act (750 ILCS 65/15 (West 2002)). The trial court found that the Act explicitly barred the plaintiff's cause of action, since the claim seeks recovery of amounts paid as a result of the injury and death of an intoxicated driver. The plaintiff argues that he has a statutory right to recover for injury to his property, regardless of how that injury arose, and asks this court to reverse the dismissal.

■ A section 2—615 motion to dismiss should be granted when the allegations in the complaint, viewed in the light most favorable to the plaintiff, fail to support a cause of action upon which relief can be granted. *Bea v. Bethany Home, Inc.*, 333 Ill. App. 3d 410, 413, 755 N.E.2d 621, 623 (2002). We will review the dismissal *de novo*. *Smith v. Malone*, 317 Ill. App. 3d 974, 979, 742 N.E.2d 785, 788 (2000).

■ The Dramshop Act provides:

> "Every person who is injured within this state, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or any other state to sell alcoholic liquor, who, by selling or giving liquor, *** causes the intoxication of such person." 235 ILCS 5/6—21 (West 2002).

Effective September 12, 1985, the statutory liability was limited by the following provision:

> "Nothing in this Act shall be construed to confer a cause of action for injuries to the person or property of the intoxicated person himself, nor shall anything in this Act be construed to confer a cause of action for loss of means of support on the intoxicated person himself or on any person claiming to be supported by such intoxicated person." Pub. Act 84—271, eff. September 12, 1985 (amending Ill. Rev. Stat. 1985, ch. 43, par. 135).

■ The plaintiff asserts that he was damaged in his property by his intoxicated wife's death when he was forced to pay her medical and funeral expenses pursuant to the Family Expense Act. An injury to property does not require direct physical damage to tangible real or personal property. *Farmers State Bank & Trust Co. v. Lahey's Lounge, Inc.*, 165 Ill. App. 3d 473, 480, 519 N.E.2d 121, 125 (1988). "Damage to property" may also occur when the assets and money of the plaintiff are depleted by the payment of medical and funeral expenses. *Farmer's State Bank*, 165 Ill. App. 3d at 480, 519 N.E.2d at 125; *Fortner v. Norris*, 19 Ill. App. 2d 212, 216-18, 153 N.E.2d 433, 435-36 (1958).

The plaintiff relies principally on *Bachman v. Sharon & Lo's Place, Inc.*, 185 Ill. App. 3d 40, 541 N.E.2d 153 (1989), where the plaintiff alleged that she was damaged in her property because she was liable for the medical and funeral expenses of her husband, who, due to his own intoxication, died in a car crash. *Bachman*, 185 Ill. App. 3d at 42, 541

N.E.2d at 154-55. Although the case appears to be decisive here, the ruling was based on the Dramshop Act prior to the 1985 amendment. The defendants argue that *Bachman* is no longer good law in light of the statute as amended.

Prior to the 1985 amendment, it was well established that a person who was required by statute to pay the medical or funeral expenses of a driver who was injured or killed due to his own intoxication could recover those expenses under the Dramshop Act as an injury to property. *Bachman*, 185 Ill. App. 3d at 42, 541 N.E.2d at 154-55. See also *Kelly v. Hughes*, 33 Ill. App. 2d 314, 1789 N.E.2d 273 (1962); *Shephard v. Marsaglia*, 31 Ill. App. 2d 379, 176 N.E.2d 473 (1961). We believe the amendment to the Dramshop Act has changed that rule.

It appears that the intent of the 1985 amendment was to insulate dramshop owners from damages resulting from the intentional illegal activity of an intoxicated but otherwise presumably responsible driver. To this end, the amendment prohibits recovery in two circumstances. First, there will be no liability "for injuries to the person or property of the intoxicated person himself." 235 ILCS 5/6—21 (West 2002). Second, claims for loss of means of support on behalf of the intoxicated person or by those claiming to be supported by the intoxicated person are barred by the amendment.

■ In this case, the claim is for medical and funeral expenses directly attributable to the injuries sustained by the decedent. Despite the characterization of the claim as an injury to the property of the surviving spouse, it is, in fact, one that factually and legally derives from and is inextricably linked with the action of plaintiff's decedent in driving while intoxicated and the resulting injuries to her person and her death. The amendment prohibits compensation for injuries sustained by an intoxicated driver, and that appears to us to be precisely what plaintiff is seeking.

The alleged damage to the plaintiff's property is wholly derivative of the injuries sustained by his wife. Had the plaintiff's wife survived the accident, her recovery of damages would clearly be prohibited by the statute since the plain language of the amendment prohibits recovery for injuries to an intoxicated driver. We do not believe that her death somehow converted her medical and funeral expenses to something other than damages for injuries to an intoxicated driver.

Nor do we believe that was the legislative intent. As noted above, the interpretation urged by plaintiff represented the general rule prior to the 1985 amendment. There was no need for the statutory modification if the legislature simply wanted to maintain the status quo. Moreover, if that had been its purpose, it certainly could have clearly so stated.

For these reasons, we affirm the order of the circuit court of Iroquois County dismissing plaintiff's complaint for damages.

Affirmed.

SLATER, J., concurs.

JUSTICE BARRY, dissenting:

I respectfully dissent because I do not agree with the majority's conclusion that the plaintiff's right to recover for medical and funeral expenses for which he became liable under the Family Expense Act (750 ILCS 65/15 (West 2002)) was barred by the 1985 amendment to the Dramshop Act (Act) (235 ILCS 5/6—21 (West 2002)). I do not disagree that the amendment applies because it became effective on September 12, 1985, and the accident occurred on February 25, 2001.

The 1985 amendment eliminated a cause of action by the intoxicated person for injuries to her person or property and eliminated a claim for loss of means of support on behalf of the intoxicated person or others asserting such a claim. The majority contends that the legislature's elimination of these causes of action reflected its intent to also eliminate what the majority characterizes as damage to Michael's property "wholly derivative of the injuries sustained by his wife." 342 Ill. App. 3d at 283.

I disagree with the majority's assumption that the legislature intended to preclude a cause of action by family members for recovery of property damage they incurred as a result of the intoxicant's actions. As noted by the majority, prior to the 1985 amendment of the Act, it was well established that a spouse could recover medical and funeral expenses. See *Bachman v. Sharon & Lo's Place, Inc.*, 185 Ill. App. 3d 40, 541 N.E.2d 153 (1989). We presume that the legislature knew how the Act was judicially interpreted prior to its amendment and acted with that knowledge. See *Morris v. William L. Dawson Nursing Center, Inc.*, 187 Ill. 2d 494, 499, 719 N.E.2d 715, 718 (1999). While the legislature eliminated several causes of action with the 1985 amendment, it did not eliminate the cause of action by a spouse for property damage.

I find nothing in the amending language to support the majority's interpretation of the statute. In fact, the legislative history reveals that the legislature intended that claims by an intoxicant's family for property damages that they suffered as a result of the intoxicant's actions continue to remain viable. During the House proceedings on the amendment, its sponsor, Representative Countryman, stated that the amendment "does not take away that cause of action for ... by rela-

tive[s] for the other 2 potential causes of action[,] that is[,] personal injury and property damage." 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 162-63 (statements of Representative Countryman). In response to a comment that the amendment would leave the family of a deceased intoxicant without recourse, Representative Countryman specifically noted that the family "does have recourse under the personal injury and property damage." He added that "[a]nd there are instances where the funeral bill[,] for instance[,] is a family expense, there may be some potential in that instance." 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 168 (statements of Representative Countryman).

In my opinion, the 1985 amendment of the Act does not alter the ability of an intoxicant's spouse to recover hospital and funeral expenses. I would allow Michael to pursue his cause of action to recover for damage to his property resulting from his liability for his wife's medical and funeral expenses.