CAROL A. SCHRAMER, Plaintiff-Appellant, v. TIGER ATHLETIC ASSOCIATION OF AURORA, Defendant-Appellee (LaVern C. Schramer, Jr., *et al.*, Plaintiffs).

Second District    No. 2—03—1432

Opinion filed September 7, 2004.

Michael T. Franz and Michael J. Scotti III, both of Freeborn & Peters, L.L.P., of Chicago, for appellant.

Robert M. Burke, Jr., and Thomas J. Condon, Jr., both of Heineke & Burke, L.L.C., of Chicago, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Carol A. Schramer, appeals from an order of the circuit court of Kane County dismissing her complaint against defendant, Tiger Athletic Association of Aurora, for recovery of her husband's hospital, medical, and funeral expenses pursuant to section 6—21 of the Liquor Control Act of 1934 (235 ILCS 5/6—21 (West 2000)), popularly known as the Dramshop Act. At issue is whether the Dramshop Act provides for recovery of these expenses where the decedent perished as a result of his own intoxication. We conclude that it does, and we therefore reverse.

In her complaint, plaintiff alleged that on March 21, 2001, her husband, LaVern C. Schramer, Sr., became intoxicated at a tavern operated by defendant and was killed in a motor vehicle accident caused by his intoxication. In count I of the complaint, plaintiff alleged that as a result of the accident, she had become liable for LaVern Sr.'s hospital, medical, and funeral expenses under section 15 of the Rights of Married Persons Act (750 ILCS 65/15 (West 2000)), commonly known as the Family Expense Act. The complaint originally included a second count that plaintiff filed along with LaVern C. Schramer, Jr., Michelle A. Schramer, and Charles S. Schramer. Count II, which sought recovery for the loss of support and society, was voluntarily dismissed and is not at issue in this appeal. Defendant filed its answer to count I, but subsequently moved to strike that count, relying in part on the recent decision of a divided panel of the Appellate Court, Third District, in *Widmer v. Hoover*, 342 Ill. App. 3d 280 (2003). *Widmer* squarely held that the surviving spouse of one who dies as a result of his or her own intoxication has no cause of action under the Dramshop Act for medical and funeral expenses. Plaintiff did not dispute that *Widmer* was directly on point and that its holding would be fatal to her claim. Plaintiff argued, however, that *Widmer* was in conflict with this court's decision in *Muranyi v. Frisch-Auf*, 308 Ill. App. 3d 213 (1999), and that the trial court was bound to follow the latter decision. Ruling that *Widmer* was controlling, the trial court granted the motion to strike and dismissed count I with prejudice. This appeal followed.

We initially note that defendant ostensibly moved to strike count I pursuant to section 2—619(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(2) (West 2002)) on the basis that plaintiff lacked legal capacity to sue. A section 2—619 motion may be filed "within the time for pleading." 735 ILCS 5/2—619(a) (West 2002). As noted, defendant had already filed its answer when it moved to strike. Thus, to the extent the motion was brought under section 2—619, it was arguably untimely, although plaintiff raised no objection on this basis.

■ In actuality, though, the motion to strike had nothing to do with the subject of capacity, which, for purposes of section 2—619(a)(2), pertains to defenses such as incompetency, infancy, and the like. *Phillips Construction Co. v. Muscarello*, 42 Ill. App. 3d 151, 154 (1976); see also 59 Am. Jur. 2d *Parties* § 28 (2002) ("Want of capacity to sue has reference *** to legal disability, such as infancy, mental incompetency, and the like, which deprives a party of the right to come into court"). The thrust of defendant's argument was simply that the law did not recognize a cause of action based on the facts alleged. Failure to state a cause of action is not grounds for a motion under section 2—619, but is instead a basis for a motion under section 2—615 of the Code (735 ILCS 5/2—615 (West 2002)). *Universal Underwriters Insurance Co. ex rel. Manley Ford, Inc. v. Long*, 215 Ill. App. 3d 396, 399 (1991). However, misdesignation of a motion to strike or dismiss is not necessarily fatal; we may treat the motion as having been brought under the correct section of the Code (*Illinois Housing & Development Authority v. Sjostrom & Sons, Inc.*, 105 Ill. App. 3d 247, 253 (1982)), provided that the improper motion practice was not prejudicial to the plaintiff (*Becker v. Zellner*, 292 Ill. App. 3d 116, 121 (1997)). There appears to have been no prejudice here, and treating the motion as if it had been brought under section 2—615 also eliminates questions of timeliness. See *Sjostrom & Sons, Inc.*, 105 Ill. App. 3d at 253. We note that a motion to dismiss under section 2—615 challenges only the legal sufficiency of the complaint and that an order granting the motion is subject to *de novo* review. *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). Having clarified the procedural posture of this case, we turn to consideration of the parties' arguments.

Plaintiff initially argues that the trial court erred in ruling that *Widmer* was controlling. Plaintiff contends, as she did in the trial court, that the holding in *Widmer* is contrary to our decision in *Muranyi*. In *Muranyi*, the plaintiff's husband became intoxicated and caused an automobile accident in which he suffered injuries. The plaintiff sought recovery for the cost of her husband's medical care. The defendant did not dispute the existence of a cause of action under the Dramshop Act. Rather, the defendant contended that because the medical expenses had been covered by insurance, the plaintiff had suffered no loss and that a judgment in her favor would give her a double recovery. We disagreed, holding that under the collateral source rule, amounts received from an insurer do not operate to reduce the plaintiff's recovery in tort. In concluding that the collateral source rule applied to Dramshop Act lawsuits, we observed that "[t]he legislature has specifically preserved a right of recovery by the spouse of an intoxicated person (see 235 ILCS 5/6—21 (West 1998)), and it is

up to the legislature to place any limitations on the right." *Muranyi*, 308 Ill. App. 3d at 219. Here, defendant contends that this statement was merely *obiter dictum* and that the trial court was bound by *Widmer*, which was the only decision on point. Plaintiff maintains that the above language in *Muranyi* was judicial *dictum* carrying the weight of precedent.

■ Under the Illinois rule of *stare decisis*, a circuit court must follow the precedent of the appellate court of its district, if such precedent exists; if no such precedent exists, the circuit court must follow the precedent of other districts. *Jachim v. Townsley*, 249 Ill. App. 3d 878, 882 (1993). Nonetheless, the question of whether *Muranyi* or *Widmer* was controlling in the *trial court* is, ultimately, somewhat academic. While considerations of *stare decisis* deserve a healthy respect, we are not inescapably bound by our own previous decisions. *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726, 732 (1994) ("The doctrine of *stare decisis* is not an inflexible rule requiring a reviewing court to blindly follow its own precedents"). Nor are we bound by decisions of other districts of the appellate court. *In re Application of County Treasurer*, 292 Ill. App. 3d 310, 315 (1997). The question before us, therefore, is not whether *Widmer* was binding in the trial court, but whether it was correctly decided. As explained below, we conclude that it was not.

This appeal presents a question of statutory construction. The cardinal rule of statutory construction is that the court must ascertain and give effect to the intent of the legislature. *In re Marriage of King*, 208 Ill. 2d 332, 340 (2003). In doing so, the court should look first to the language of the statute, giving the terms their plain and ordinary meaning. *King*, 208 Ill. 2d at 340. Where statutory language is ambiguous, the court may look beyond the language of the statute and consider extrinsic evidence of legislative intent. *Williams v. Staples*, 208 Ill. 2d 480, 490 (2004). However, where the language is clear and unambiguous, the court must apply the statute without resort to further aids of statutory construction. *Hall v. Henn*, 208 Ill. 2d 325, 330 (2003).

■ The Dramshop Act provides:

"Every person who is injured within this State, in person or property, by any intoxicated person has a right of action *** against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor *** causes the intoxication of such person." 235 ILCS 5/6—21 (West 2000).

In 1985, the General Assembly amended the Dramshop Act by adding the following sentence: "Nothing in this Act shall be construed

to confer a cause of action for injuries to the person or property of the intoxicated person himself, nor shall anything in this Act be construed to confer a cause of action for loss of means of support on the intoxicated person himself or on any person claiming to be supported by such intoxicated person." Pub. Act 84—271, eff. September 12, 1985. (A subsequent amendment further provided that the Dramshop Act also does not confer a cause of action for loss of society on the intoxicated person or any person claiming the society of the intoxicated person. Pub. Act 90—111, eff. July 14, 1997.)

Under the Dramshop Act as it existed before the 1985 amendment, it had been held that where the spouse of a person injured or killed as a result of his or her own intoxication incurs liability under the Family Expense Act for medical or funeral expenses, such liability constitutes an injury to the spouse's property, giving rise to a cause of action under the Dramshop Act. *E.g., Bachman v. Sharon & Lo's Place, Inc.*, 185 Ill. App. 3d 40, 42 (1989). In *Widmer*, however, the majority concluded that the 1985 amendment to the Dramshop Act eliminated this cause of action. The majority reasoned:

> "In this case, the claim is for medical and funeral expenses directly attributable to the injuries sustained by the decedent. Despite the characterization of the claim as an injury to the property of the surviving spouse, it is, in fact, one that factually and legally derives from and is inextricably linked with the action of plaintiff's decedent in driving while intoxicated and the resulting injuries to her person and her death. The amendment prohibits compensation for injuries sustained by an intoxicated driver, and that appears to us to be precisely what plaintiff is seeking." *Widmer*, 342 Ill. App. 3d at 283.

■ We find this analysis unconvincing. It is true that in the scenario presented in *Widmer* and in this case, the injury to the property of the surviving spouse is causally related to the injury suffered by the intoxicated decedent. That does not mean, however, that the injuries must be considered one and the same; the surviving spouse's cause of action is for his or her own injury to property, not for the intoxicated decedent's injury. Contrary to the opinion of the *Widmer* majority, *Bachman* and similar cases cannot be distinguished on the basis that they arose under the law as it existed before the 1985 amendment. Even at that time, an intoxicated person had no cause of action for his or her own injuries. See *Gora v. 7-11 Food Stores*, 109 Ill. App. 3d 109, 110 (1982); *Bennet v. Auditorium Building Corp.*, 299 Ill. App. 139, 147 (1939). Since the law is essentially the same in this particular respect, we fail to see how the amendment undermines the analysis of prior cases.

As Justice Barry observed in his dissent in *Widmer*, the General Assembly was presumably aware of how the Dramshop Act had been judicially interpreted prior to being amended and it presumably acted with that knowledge. *Widmer*, 342 Ill. App. 3d at 284 (Barry, J., dissenting). Under these circumstances, if the General Assembly intended to foreclose the spouse of an intoxicated person from recovering medical or funeral expenses, we would expect it to have provided for that result in explicit terms similar to those employed to bar recovery for the loss of the means of support and (in a subsequent amendment) the loss of society.

We note that, like the cause of action for medical and funeral expenses, the causes of action for loss of the means of support and loss of society "factually and legally [derive] from and [are] inextricably linked with" (*Widmer*, 342 Ill. App. 3d at 283) the intoxicated person's personal injuries or death. If we accepted the *Widmer* majority's thesis that the amendatory language foreclosing "[a] cause of action for injuries to *** the intoxicated person" bars causes of action for injuries that derive from such injuries, the independent provisions addressing causes of action for the loss of the means of support and the loss of society would be superfluous.

To the extent that any doubt remains as to legislative intent, review of the 1985 amendment's legislative history lends further support to our view. In his dissent in *Widmer*, Justice Barry noted:

> "During the House proceedings on the amendment, its sponsor, Representative Countryman, stated that the amendment 'does not take away that cause of action for ... by relative[s] for the other 2 potential causes of action[,] that is[,] personal injury and property damage.' 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 162-63 (statements of Representative Countryman). In response to a comment that the amendment would leave the family of a deceased intoxicant without recourse, Representative Countryman specifically noted that the family 'does have recourse under the personal injury and property damage.' He added that '[a]nd there are instances where the funeral bill[,] for instance[,] is a family expense, there may be some potential in that instance.' 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 168 (statements of Representative Countryman)." *Widmer*, 342 Ill. App. 3d at 284-85 (Barry, J., dissenting).

We therefore conclude that a surviving spouse's recovery of the medical, hospital, and funeral expenses for which he or she is liable under the Family Expense Act is not "a cause of action for injuries to *** the intoxicated person himself" (235 ILCS 5/6—21 (West 2000)) and is not barred by the 1985 amendment to the Dramshop Act.

For the foregoing reasons, the judgment of the circuit court of

Kane County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BYRNE and CALLUM, JJ., concur.