# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*World Painting Co. v. Costigan*, 2012 IL App (4th) 110869

---

| | |
|---|---|
| Appellate Court Caption | WORLD PAINTING COMPANY, LLC, Plaintiff-Appellee, v. JOSEPH COSTIGAN, in His Capacity as Director of Labor, State of Illinois; and LISA MADIGAN, in Her Capacity as Illinois Attorney General, Defendants-Appellants. |
| District & No. | Fourth District<br>Docket No. 4-11-0869 |
| Argued | February 7, 2012 |
| Filed | March 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The preliminary injunction entered by the trial court barring the Department of Labor from enforcing the Employee Classification Act against plaintiff's business based on claims that plaintiff had misclassified some workers as nonemployees was vacated and the cause was remanded for further proceedings, notwithstanding plaintiff's initial contention that the Act violated its rights to due process, since plaintiff and the Department agreed to a constitutional plan under which the Department would investigate plaintiff's alleged violations without making any adjudicatory findings of liability, and under those circumstances, plaintiff's right to due process would not be implicated. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 11-CH-235; the Hon. Thomas E. Griffith, Jr., Judge, presiding. |
| Judgment | Vacated and remanded. |

Counsel on
Appeal

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Mary E. Welsh (argued), Assistant Attorney General, of counsel), for appellants.

Christopher M. Ellis and Timothy J. Tighe, Jr. (argued), both of Bolen Robinson & Ellis, LLP, of Decatur, for appellee.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.
Presiding Justice Turner and Justice Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1   In this action, plaintiff, World Painting Company, LLC, challenges the validity of the Employee Classification Act (Act) (820 ILCS 185/1 to 999 (West 2010)), arguing the Act violates due process. In September 2011, the trial court entered a preliminary injunction barring defendants, Director of Labor Joseph Costigan and Attorney General Lisa Madigan in their official capacities, from enforcing the Act against plaintiff pending the outcome of plaintiff's claims for permanent injunctive and declaratory relief. The court's judgment followed a hearing at which defendants conceded that the Fifth District Appellate Court's decision in *Bartlow v. Shannon*, 399 Ill. App. 3d 560, 927 N.E.2d 88 (2010), was mandatory authority and supported plaintiff's request for preliminary injunction.

¶ 2   Defendants appeal, arguing the trial court erred in granting the preliminary injunction as *Bartlow* was decided wrongly. Specifically, defendants contend that under an appropriate reading of the Act, inconsistent with the appellate court's interpretation in *Bartlow*, plaintiff's due process concerns were unfounded and its request for preliminary injunction should have been denied. At oral argument, plaintiff conceded that defendants' proposed interpretation of the Act is reasonable and ensures plaintiff will receive due process. Plaintiff nevertheless argues that defendants' proposed interpretation violates principles of the separation of powers.

¶ 3   We allow the parties' agreed interpretation of the Act to control in this case and reject plaintiff's separation-of-powers argument. Accordingly, as defendants' proposal to bind themselves to their reading of the Act resolves plaintiff's due-process claim, we vacate the trial court's judgment granting the preliminary injunction and remand for further proceedings.

¶ 4                              I. BACKGROUND

¶ 5   In May 2011, plaintiff, a contracting firm, received a letter from the Department of Labor (Department) informing plaintiff of its preliminary determination that plaintiff had accrued 27 total days' violations of the Act by misclassifying six workers as nonemployees on two

-2-

construction projects between October and December 2009. The letter indicated plaintiff faced $40,500 in possible civil penalties and invited plaintiff to submit exculpating evidence in writing for the Department's consideration toward reaching a final determination.

¶ 6      Instead of responding to the Department's request for additional information, in July 2011, plaintiff filed its complaint alleging the Act is unconstitutional on its face. Specifically, plaintiff alleged the Act violates due process by failing to provide contractors who are suspected of violating the Act adequate notice and an opportunity to be heard prior to the imposition of penalties, including civil fines. Plaintiff's complaint sought a permanent injunction barring defendants' enforcement of the statute against plaintiff and declaratory relief. In August 2011, plaintiff filed a motion for preliminary injunction to prevent defendants from enforcing the Act against it during the pendency of the trial proceedings.

¶ 7      On August 25, 2011, the trial court held a hearing on plaintiff's motion for preliminary injunction. Defendants conceded that *Bartlow*, a Fifth District decision, was mandatory authority before the court and that plaintiff was entitled to a preliminary injunction under that case. The court granted plaintiff's motion, finding *Bartlow* was controlling.

¶ 8      This interlocutory appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10      On appeal, defendants ask this court to disregard *Bartlow* and to rule plaintiff's claim for preliminary injunction should not have been granted because plaintiff's due-process claim is premature under an appropriate interpretation of the Act. At oral argument, plaintiff conceded defendants' proposed interpretation was reasonable and would resolve the alleged due-process deficiencies. We allow the parties' agreed reading of the Act, which we find otherwise constitutional, to control our disposition of this case. Because under their interpretation of the Act plaintiff is not entitled to a preliminary injunction, we vacate the trial court's imposition of preliminary injunction and remand for further proceedings.

¶ 11      A preliminary injunction is an "extraordinary" remedy that "should be granted only in situations of extreme emergency or where serious harm would result if the preliminary injunction was not issued." *Clinton Landfill, Inc. v. Mahomet Valley Water Authority*, 406 Ill. App. 3d 374, 378, 943 N.E.2d 725, 729 (2010). A preliminary injunction is warranted if (1) a clearly ascertained right requires protection, (2) irreparable injury will result in the absence of an injunction, (3) no adequate remedy at law is available, and (4) the moving party is likely to succeed on the merits of the case. *Id.* To obtain a preliminary injunction, the movant must raise a "fair question" that each of these elements is satisfied. *Id.*

¶ 12      In general, we review the trial court's grant or denial of a preliminary injunction for an abuse of discretion, which occurs only when the ruling "is arbitrary, fanciful, or unreasonable, or when no reasonable person would adopt the court's view." (Internal quotation marks omitted.) *Id.* Purely legal questions arising in the preliminary-injunction analysis, however, are reviewed *de novo*. *Id.*, 943 N.E.2d at 730. As this appeal concerns whether the Act is unconstitutional on its face when interpreted as defendants propose–a question of law–we apply the *de novo* standard of review.

¶ 13      In this case, plaintiff's complaint alleged the Act violates due process. Specifically, in its

motion for preliminary injunction, plaintiff argued the Act on its face provides contractors insufficient notice and opportunity to be heard before the Department assesses penalties against them.

¶ 14　　　Under the constitutions of the United States and Illinois, the State may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV; see also Ill. Const. 1970, art. I, § 2. "The core of due process is the right to notice and a meaningful opportunity to be heard"; no person may be deprived of a protected interest by an administrative adjudication of rights unless these safeguards are provided. *Lachance v. Erickson*, 522 U.S. 262, 266 (1998).

¶ 15　　　The converse of this proposition is also generally true: the constitutional guarantee of due process, along with its requirements of notice and an opportunity to be heard, is not even implicated by executive action that cannot result in an administrative adjudication of rights. For example, in *Hannah v. Larche*, 363 U.S. 420, 439 (1960), the Supreme Court considered whether the notice requirement of due process applied to proceedings before a federal commission investigating the possible violation of civil rights laws. The Court considered the commission's statutory powers and responsibilities and concluded the commission's "function is purely investigative and fact-finding. It does not adjudicate. It does not hold trials or determine anyone's civil or criminal liability. It does not issue orders. *** It does not make determinations depriving anyone of his life, liberty, or property." *Id.* at 441. Rather, the Court found, "[t]he only purpose of its existence is to find facts which may subsequently be used as the basis for legislative or executive action." *Id.* The Court held due process did not require that persons whose conduct was under investigation by the commission must be apprised of the charges being investigated. *Id.* at 441-42. In so doing, the Court stated, "It is probably sufficient merely to indicate that the rights claimed by respondents are normally associated only with adjudicatory proceedings, and that since the Commission does not adjudicate, it need not be bound by adjudicatory procedures." *Id.* at 442.

¶ 16　　　Subsequently, in *Securities & Exchange Comm'n v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 742 (1984), the Court remarked:

"The opinion of the Court in *Hannah* *** leaves no doubt that *** the Due Process Clause of the Fifth Amendment *** is [not] offended when a federal administrative agency, without notifying a person under investigation, uses its subpoena power to gather evidence adverse to him. The Due Process Clause is not implicated under such circumstances because an administrative investigation adjudicates no legal rights ***."

In that case, the Court held due process was not violated by the Securities and Exchange Commission's subpoena powers in investigating possible violations of securities laws. *Id.*

¶ 17　　　The following discussion of the Act and *Bartlow* provides further background relevant to our analysis. "The Act seeks to ensure that workers in the construction industry are offered protections under numerous labor laws, including minimum wage, overtime, workers' compensation, and unemployment insurance, and are not misclassified as independent contractors in order to avoid tax and labor law obligations." *Bartlow*, 399 Ill. App. 3d at 563, 927 N.E.2d at 92 (citing 820 ILCS 185/3 (West 2008)). It establishes a presumption that an individual who performs services for a construction contractor is an employee unless

specified criteria are met. 820 ILCS 185/10 (West 2008). A contractor's failure to classify qualifying individuals as employees violates the Act. 820 ILCS 185/20 (West 2008).

¶ 18    The Department is charged with investigating possible violations of the Act. 820 ILCS 185/25(a) (West 2008). The Act empowers the Department to inspect businesses and subpoena witnesses and documents in its investigations. 820 ILCS 185/25(a) (West 2008). Among other penalties for violations, the Act provides for civil fines calculated by reference to each day each individual is misclassified as a nonemployee. 820 ILCS 185/40 (West 2008). "The civil penalties assessed by the Department as well as any other relief requested by the Department shall be recoverable in an action brought in the name of the people of the State of Illinois by the Attorney General." 820 ILCS 185/25(b) (West 2008). Alternatively, "a person aggrieved by a violation" of the Act may collect the civil penalty in a private action in the circuit court. 820 ILCS 185/40 (West 2008).

¶ 19    Plaintiff's case and the grant of preliminary injunction in this case were based on the Fifth District Appellate Court's interpretation of the Act in *Bartlow*. In that case, the appellate court reversed the trial court's denial of the plaintiffs' motion for a temporary restraining order (TRO) barring enforcement of the Act pending the plaintiffs' due-process challenge. *Bartlow*, 399 Ill. App. 3d at 574, 927 N.E.2d at 100. There, the plaintiffs received a notification that the Department had preliminarily determined the plaintiffs had violated the Act and were subject as a result to nearly $1.7 million in potential civil penalties. *Id.* at 565, 927 N.E.2d at 94. As here, the letter indicated the plaintiffs could provide any written materials in their favor to the Department for its consideration. *Id.* Before the Department reached a final determination, the plaintiffs filed suit for an injunction against the enforcement of the Act and a declaration that the Act was unconstitutional on its face and later moved for a TRO and a preliminary injunction. *Id.* at 566, 927 N.E.2d at 94. The trial court denied their request for a TRO. *Id.* at 567, 927 N.E.2d at 95.

¶ 20    The Fifth District reversed the denial of the plaintiffs' motion for a TRO. *Id.* at 574, 927 N.E.2d at 100. Under the appellate court's interpretation of the Act, the Department enjoys powers to assess penalties and take other actions to remedy violations and prevent future violations. *Id.* at 564, 927 N.E.2d at 93. Initially, applying the two-part test established in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967), the court rejected the defendants' argument that the plaintiffs' claim was unripe. *Bartlow*, 399 Ill. App. 3d at 569, 927 N.E.2d at 96-97. Next, the court found the plaintiffs raised a "fair question" of the Act's unconstitutionality "because the Act and the procedures promulgated pursuant to the Act do not appear to provide an accused with a meaningful opportunity to be heard." *Id.* at 570, 927 N.E.2d at 97. Specifically, the court concluded that procedures allowing for the submission of written evidence and an informal hearing were insufficient to ensure due process in light of the expansive adjudicative and remedial powers the Department enjoyed under the court's interpretation of the Act. *Id.* at 571-72, 927 N.E.2d at 98-99. Toward that end, the court stated, "[I]t appears to us that the Act and its regulations may allow for the assessment of penalties and sanctions against an accused contractor without providing basic due process protections." *Id.* at 571, 927 N.E.2d at 98. Finally, the appellate court concluded the plaintiffs showed that the enforcement of the Act against them would have resulted in irreparable harm and that they had no adequate remedy at law. *Id.* at 573-74, 927 N.E.2d at 100.

¶ 21    Because this court had not issued any contrary opinion, the trial court in this case properly held *Bartlow* was controlling. See *Schramer v. Tiger Athletic Ass'n*, 351 Ill. App. 3d 1016, 1020, 815 N.E.2d 994, 996 (2004) ("Under the Illinois rule of *stare decisis*, a circuit court must follow the precedent of the appellate court of its district, if such precedent exists; if no such precedent exists, the circuit court must follow the precedent of other districts."). Unlike the trial court, however, we are not bound to follow *Bartlow*. See *id.* at 1020, 815 N.E.2d at 996-97.

¶ 22    In this case, defendants argue that, contrary to the Fifth District's indications in *Bartlow*, the Act does not allow the Department to adjudicate a firm's civil or criminal liability under the Act. Rather, according to defendants' interpretation, the Department may only conduct a no-consequences investigation. Defendants liken the Department's role to that of the police in a criminal investigation. The Department, according to defendants, may subpoena witnesses and documents and inspect businesses toward determining whether to recommend the commencement of an action for civil or criminal penalties in the trial court. If the Department found a violation, defendants' interpretation would allow the Department to conduct informal negotiations with a firm toward settling on a penalty. However, if the firm were unwilling to negotiate, the Department's sole recourse would be in "*de novo*" court proceedings in which the Department's findings would be inadmissible. Defendants argue the Department's investigation under the Act does not require due-process protections such as notice and an opportunity to be heard because the Department itself cannot adjudicate a firm's rights or liabilities.

¶ 23    We note that plaintiff contends defendants' interpretation of the Act raises separation-of-powers concerns. Plaintiff cites *Millineum Maintenance Management, Inc. v. County of Lake*, 384 Ill. App. 3d 638, 652, 894 N.E.2d 845, 859-60 (2008), a Second District Appellate Court opinion illustrating the principle that a statute is unconstitutional if it allows the judiciary to "wholly reconsider[ ] an administrative decision without any deference to the original determination." However, as the Department does not adjudicate a firm's liability under the Act as perceived by the parties, separation of powers is not offended by the trial court's role in adjudicating enforcement actions. That is, aside from the determination whether to prosecute claims in the court, there is no "original determination" as described in *Millineum Maintenance* for the judiciary to reconsider.

¶ 24    The parties have agreed to a constitutional plan for conducting their interaction as the Department investigates plaintiff's possible violations of the Act. Under this plan, the Department is forbidden from making any adjudicatory findings of plaintiff's liability. As such, due process is not implicated by the Department's investigation in this case. Therefore, plaintiff is not entitled to a preliminary injunction as its claim that the Act is facially unconstitutional cannot succeed. We vacate the trial court's order granting plaintiff a preliminary injunction and remand for further proceedings consistent with this opinion.

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we vacate the trial court's judgment granting plaintiff's motion for a preliminary injunction and remand for further proceedings.

¶ 27    Vacated and remanded.