No. 2--04--1213

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

TOM R. BOECKENHAUER and JEAN BOECKENHAUER,

Plaintiffs-Appellees,

v.

JOE RIZZA LINCOLN MERCURY and OLD KENT BANK,

Defendants

(Ford Motor Company, Defendant-Appellant).

)

)

)

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of Du Page  County.

No. 99--L--1149

Honorable

Kenneth L. Popejoy,

Judge, Presiding.

______________________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court:

Defendant Ford Motor Company (Ford) appeals an order of the circuit court of Du Page County denying its request that plaintiffs Tom R. Boeckenhauer and Jean Boeckenhauer be required to pay Ford's attorney fees pursuant to section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a(c) (West 2002)).  For the reasons set forth below, we vacate the order of the circuit court and remand this cause for further proceedings.

In September 1998, plaintiffs executed a retail installment contract for the purchase of a used 1997 Mercury Villager from Joe Rizza Lincoln Mercury (Rizza).  The vehicle was manufactured by Ford.  The retail installment contract was subsequently assigned to Old Kent Bank.  Approximately two months after plaintiffs bought the car, the right front wheel of the vehicle fell off while Jean was driving it.  Plaintiffs later discovered that the vehicle had been in an accident before they acquired it and that the vehicle had been repaired with salvage parts.

On November 9, 1999, plaintiffs filed a multiple-count complaint in the circuit court of Du Page County, naming Rizza, Ford, and Old Kent Bank as defendants.
(footnote: 1)  Plaintiffs subsequently amended their complaint
, which, with respect to both Ford and Rizza, alleged
 common-law fraud and violations of the Consumer Fraud Act (815 ILCS 505/1 
et seq.
 (West 1998)) and the Magnuson-Moss Warranty--Federal Trade Commission Improvement Act (Magnuson-Moss) (15 U.S.C. §2301 
et seq.
 (1998)).  In addition, the amended complaint included a revocation-of-acceptance count against Rizza.  See 810 ILCS 5/2--608 (West 1998).  Plaintiff's Consumer Fraud Act claim against Ford was premised on the allegation that Rizza "was at all times relevant, acting as the agent and/or apparent agent of Ford."  At the close of trial, the jury returned a verdict in favor of Ford and Rizza on the Magnuson-Moss claims and in favor of Ford on the common-law-fraud claim against it.  However, the jury found for plaintiffs on the common-law-fraud and revocation-of-acceptance counts directed against Rizza.  The jury assessed compensatory damages against Rizza in the amount of $2,150 and punitive damages against Rizza in the amount of $28,012.  With respect to plaintiffs' Consumer Fraud Act claims, the trial court ruled in plaintiffs' favor on the count against Rizza, but found for Ford on the claim against it.

Thereafter, plaintiffs filed a petition for attorney fees and costs against Rizza.  See 815 ILCS 505/10a(c) (West 2000).  The trial court granted plaintiffs' request.  Ford filed a petition and supplemental petition for attorney fees and costs against plaintiffs, pursuant to the same statutory provision.  In a letter opinion, the trial court acknowledged that Ford "prevailed in the Consumer Fraud case pertaining to the issue of whether Defendant, Joe Rizza Lincoln Mercury, was an actual or apparent agent of Ford."  However, the trial court denied Ford's request for attorney fees, stating in relevant part:

"The policy considerations that come into play in evaluating a Plaintiff's application for attorney's fees may not mirror those considerations applicable to a Defendant's application.  In the case of 
Casey v. Jerry Yusim Nissan Inc
 [
sic
], 296 
Ill. App. 3d, [
sic
] 102 *** (3rd District 1998) it was stated 'that in determining whether prevailing Defendants in action under [the Consumer Fraud Act] is entitled to award of attorneys fees Court must first determine whether Plaintiff acted in bad faith under standard use of imposition of sanctions under Supreme Court Rule 137.  If such bad faith exists the Court must consider: 1.  Degree of bad faith; 2.  Plaintiff's ability to pay fee award; 3.  The deterrent effect of the award; 4.  Whether party requesting fees attempted to benefit all consumers or businesses or to resolve significant legal questions, or; 5.  Relative merits or parties positions.' [
Sic
]  The Illinois Appellate Court appears to be divided whether bad faith is required when it is the Defendant who is seeking fees or whether 'a special circumstances' standard would be sufficient.  Currently there is no automatic right to attorneys fees for a Defendant.

As the Court has observed in 
Door Systems, Inc. v. Pro-Line Door Systems, Inc.
, 126 F.3d 1028 (United States Court of Appeals, 7th Circuit, 1997), 'We think it reasonably plain that bad faith is too narrow a standard even if a suit is brought in good faith it could be so lacking in merit or so burdensome to defend against as to be oppressive, in which event the Defendant would have a powerful equitable claim to recover reasonable attorneys fees.'  There certainly is a discussion as to whether there is a 'dual standard' as to whether a prevailing Plaintiff is entitled to an award of attorneys fees versus a prevailing Defendant, but it is my opinion that there is a severe concern in a Plaintiff being forced to pay the Defendant's fees as it very likely could unduly discourage the bring [
sic
] of lawsuits that could serve an important public end.

In looking at all aspects of the Plaintiffs [
sic
] case against Ford Motor Company, Ford Motor Company brought Motions to Dismiss which were denied, Motions for Summary Judgment which were denied, and a Motion for a Directed Verdict at the close of the Plaintiff's [
sic
] case which was denied.  It is the Trial Court which makes the determination of the appropriateness of attorney fees being awarded to a prevailing party under the Consumer Fraud Act.  It is that very same Trial Court that denied those motions referenced herein all the way through the Plaintiffs' case, allowing the case to go to the jury for an ultimate verdict on the fraud Count and allowing the case to go to verdict with the Trial Judge on the Consumer Fraud Count.  Verdicts in favor of Ford Motor Company do not automatically yield a right or obligation of fees to Ford Motor Company.  In reviewing all applicable case law as well as the Court's observation of the Plaintiffs' prosecution of their claim against Ford Motor Company this court simply does not find a basis statutorily or from a review of the case law for an award of attorney fees and costs to Ford Motor Company as a prevailing party and, as such, their petition is denied."

In conjunction with its letter opinion, the trial court entered an order memorializing its decision.  Ford now appeals, arguing that the trial court: (1) improperly concluded that a finding that a plaintiff acted in bad faith is a prerequisite to awarding a prevailing defendant attorney fees under section 10a(c) of the Consumer Fraud Act (815 ILCS 505/10a(c) (West 2000)) and (2) erroneously concluded that different standards apply when assessing requests for attorney fees made by a "prevailing plaintiff" and a "prevailing defendant" under section 10a©).

Section 10a©) of the Consumer Fraud Act states in relevant part:

"[I]n any action brought by a person under this Section, the Court *** may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party."  815 ILCS 505/10a©) (West 2000).

It is undisputed that because section 10a©) of the Consumer Fraud Act refers to a "prevailing party," a prevailing plaintiff or a prevailing defendant may recover attorney fees under this provision.  
Allen v. Woodfield Chevrolet, Inc.
, 208 
Ill. 2d
 12, 33-34 (2003);
 
Graunke v. Elmhurst Chrysler Plymouth Volvo, Inc.
, 247 
Ill. App. 3d
 1015, 1021 (2nd Dist. 1993); 
Haskell v. Blumthal
, 204 
Ill. App. 3d
 596, 599-600 (4th Dist. 1990).  
However, the appellate court of this state is divided as to whether a prevailing defendant must show bad faith on the part of the plaintiff prior to being awarded attorney fees.

The 
Third District recently declared that "bad faith is the pivotal factor in awarding attorney fees to prevailing defendants under the [Consumer Fraud] Act."  
Casey v. Jerry Yusim Nissan, Inc.
, 296 
Ill. App. 3d
 102, 108 (1998)
.  Purportedly relying on 
Haskell
 and this court's decision in 
Graunke
, the 
Casey
 court then held that a trial court must first determine whether the plaintiff acted in bad faith when assessing a prevailing defendant's request for attorney fees under section 10a©) of the Consumer Fraud Act.  
Casey
, 296 
Ill. App. 3d
 at 108.
 

Despite the fact that the 
Casey
 court cited to 
Graunke
 in holding that a finding of bad faith was a prerequisite to an award of attorney fees to a prevailing defendant under section 10a©), we actually reached the opposite conclusion in 
Graunke
.  
There
, we recognized that one of the purposes of allowing a defendant to request attorney fees under section 10a©) of the Consumer Fraud Act is "to deter baseless claims of fraud and to protect honest and fair businesses from potential abuse of the [Consumer Fraud] Act's provisions."  
Graunke
, 247 
Ill. App. 3d
 at 1022.  We examined the language of section 10a©) and concluded that the statute "clearly and unambiguously provides that a prevailing defendant may be awarded reasonable attorney fees by the trial court."  
Graunke
, 247 
Ill. App. 3d
 at 1020.  We found nothing in the language of the Consumer Fraud Act that "limit[s] recovery for either prevailing plaintiffs or defendants to cases in which their opponents have acted in 'bad faith.' "  
Graunke
, 247 
Ill. App. 3d
 at 1020.  We then developed a non-exclusive list of five factors for a trial court to consider in assessing the propriety of attorney fees under section 10a©): (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all consumers or businesses or to resolve a significant legal question regarding the Consumer Fraud Act; and (5) the relative merits of the parties' positions.  
Graunke
, 247 
Ill. App. 3d
 at 1022-23.

In 
Graunke
, we rejected the notion that the court in 
Haskell
 placed an absolute bar on awarding a prevailing defendant attorney fees under section 10a©) unless the defendant demonstrates that the plaintiff acted in bad faith in bringing his lawsuit.  
Graunke
, 247 
Ill. App. 3d
 at 1020.  The 
Haskell
 court did state that it had "difficulty in envisioning a circumstance arising under the [Consumer Fraud] Act where fees should be awarded a defendant absent bad faith on the part of the plaintiff."  
Haskell
, 204 
Ill. App. 3d
 at 602.  However, we interpreted this passage 
as "a general commentary on the policy underlying attorney fees awards, rather than a pronouncement limiting fee awards to cases in which there is bad faith on the part of a plaintiff."  
Graunke
, 247 
Ill. App. 3d
 at 1021.

We again reject the notion that a prevailing defendant must show bad faith on the part of the plaintiff prior to being awarded attorney fees.  The only prerequisite to an award of attorney fees under section 10a©) of the Consumer Fraud Act is whether the party requesting such an award is the "prevailing party."  Once 
this threshold finding is made, the trial court should exercise its discretion and examine the totality of the circumstances, including, where relevant, the factors listed in 
Graunke
, to determine whether to award attorney fees.

In this case, the trial court did make the threshold finding whether the party requesting the award of attorney fees was a "prevailing party."  The court expressly determined that Ford "prevailed in the Consumer Fraud case."  However, 
it 
is unclear from the trial court's letter opinion whether the court misinterpreted the precedent from this court as requiring Ford to also show as a threshold matter that plaintiffs acted in bad faith prior to addressing its request for attorney fees.  
As Ford asserts, examining the comments in their entirety, it appears that the trial court may have been under the misconception that a finding that plaintiff acted in bad faith is a prerequisite to the court's exercise of discretion to award fees.  Notably, the court referred to the Third District's decision in 
Casey
, which, as discussed previously, held that a trial court must determine whether the plaintiff acted in bad faith before applying the five factors enumerated in 
Graunke
.  
Casey
, 296 
Ill. App. 3d
 at 108.  Ford argues that the trial court was required to follow the precedent of the district in which it sits if such precedent exists.  
Schramer v. Tiger Athletic Ass'n of Aurora
, 351 
Ill. App. 3d
 1016, 1020 (2004).  While true, we point out that we are not bound by our previous decisions.  
Schramer
, 351 
Ill. App. 3d
 at 1020.  Nevertheless, plaintiffs offer no persuasive reason for us to depart from our holding in 
Graunke
.  As we stated in that case
, there is nothing in section 10a©) of the Consumer Fraud Act that expressly limits recovery for a prevailing party to cases in which their opponents have acted in bad faith.  
Graunke
, 247 
Ill. App. 3d
 at 1020.  Accordingly, 
we vacate the trial court order denying Ford's request for attorney fees and remand the cause to the trial court.  Our action will revest the trial court with jurisdiction either to clarify the basis of its decision or, if it misapplied the law, to reexamine its decision in light of the principles discussed herein.  See 
Graunke
, 247 
Ill. App. 3d
 at 1021.

According to Ford, the trial court's letter opinion also indicates that it would assess a prevailing defendant's request for attorney fees under section 10a©) of the Consumer Fraud Act differently than the request of a prevailing plaintiff.  Ford argues that the language of section 10a©) does not support the adoption of such a "dual standard."  We do not agree that the trial court applied a dual standard in this case.

The trial court never explicitly stated that it had considered bad faith on Rizza's behalf in awarding attorney fees to plaintiffs.  Nevertheless, in ruling on plaintiffs' petition, the trial court pointed out that the jury assessed punitive damages against Rizza.  The jury's award of punitive damages supports an inference that Rizza acted in bad faith.  The court then assessed plaintiffs' petition in light of "all case law, the statute and the factors which have been analyzed within such precedent."  In other words, the trial court implicitly considered bad faith as a prerequisite in ruling on plaintiffs' petition for attorney fees against Rizza.  With respect to Ford's petition for attorney fees against plaintiffs, the trial court's ruling suggests that plaintiffs had not acted in bad faith.  Based on this lack of bad faith, the court denied Ford's petition without considering the relevant factors
.  Thus, the record does not support a finding that the trial court used a dual standard in this case.  Instead, the record supports the conclusion that the trial court applied an inappropriate standard, 
i.e.
, requiring a finding of bad faith as a prerequisite to awarding a prevailing party attorney fees.  However, the court applied that standard equally to all parties against whom fees were sought.

Finally, Ford requests this court to remand the cause to the trial court for a determination of an award of attorney fees and costs incurred by it in this appeal.  Because we are remanding this cause to the trial court for other purposes, we decline Ford's request at this time.

For the reasons set forth above, we vacate the order of the circuit court of Du Page County denying Ford's request for attorney fees.  We remand this cause for further proceedings consistent with this opinion.

Vacated and remanded with directions.

McLAREN and GILLERAN JOHNSON, JJ., concur.

FOOTNOTES
1:
1
Defendants Rizza and Old Kent Bank are not parties to this appeal.  Accordingly, we refer to these parties only where necessary for an understanding of the events surrounding this appeal.