No. 2--06--0604

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| TOM R. BOECKENHAUER and<br>JEAN BOECKENHAUER | ) | Appeal from the Circuit Court<br>of Du Page County. |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | No. 99--L--1149 |
| | ) | |
| JOE RIZZA LINCOLN MERCURY<br>and OLD KENT BANK, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Kenneth L. Popejoy, |
| (Ford Motor Company, Defendant-Appellant). | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE GROMETER delivered the opinion of the court:

The defendant Ford Motor Company appeals the trial court's order denying it attorney fees in an action filed by the plaintiffs, Tom and Jean Boeckenhauer, under section 10a(c) of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/10a(c) (West 2002)). We affirm.

I. BACKGROUND

This is the second time this case has been before this court. Boeckenhauer v. Joe Rizza Lincoln Mercury, 361 Ill. App. 3d 470 (2005) (Boeckenhauer I), abrogated by Krautsack v. Anderson, 223 Ill. 2d 541 (2006) (Krautsack II). The facts are not in dispute and are taken in part from Boeckenhauer I.

In September 1998, the Boeckenhauers entered into a retail installment contract for the purchase of a used vehicle from Joe Rizza Lincoln Mercury. The vehicle was manufactured by Ford and the contract was assigned to Old Kent Bank. About two months after the purchase, the right front wheel fell off of the vehicle while Jean was driving it. The Boeckenhauers later learned that before they purchased it, the vehicle had been in an accident and repaired with salvaged parts.

The Boeckenhauers filed a multiple-count complaint naming Rizza, Ford, and Old Kent as defendants. They later amended the complaint to add claims that Ford and Rizza violated the Consumer Fraud Act. 815 ILCS 505/1 et seq. (West 1998). The claims were premised on the allegation that Rizza was acting as the agent or apparent agent of Ford.

The action went to trial, with the Consumer Fraud Act claims tried by the court. Ford did not provide a record of the trial testimony for this appeal. However, the briefs, the record, and the trial court's orders indicate that the Boeckenhauers presented evidence about their belief that Rizza held itself out as an agent of Ford.

During the course of the lawsuit, Ford moved to dismiss the action. It also moved for summary judgment and moved for a judgment at the close of the Boeckenhauers' evidence. Ford provided evidence from a franchise agreement between Ford and Rizza that disavowed any agency relationship between them. It also provided evidence that a clause in the installment contract signed by the Boeckenhauers stated that Rizza was not an agent of Ford. The trial court denied the motions.

On the Consumer Fraud Act claims, the trial court ruled in the Boeckenhauers' favor against Rizza. But the court ruled in favor of Ford on the claim against it. The Boeckenhauers filed a petition for fees and costs against Rizza as prevailing parties under section 10a(c) of the Consumer

Fraud Act. Ford also filed a petition for fees against the Boeckenhauers under the same section. The trial court granted the Boeckenhauers' petition, but denied Ford's petition.

The trial court appeared to reason that while Ford was a prevailing party under the Consumer Fraud Act, the court was first required to determine whether the Boeckenhauers acted in bad faith under the standard used for the imposition of sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137). The trial court noted that the considerations could differ when the defendant, instead of the plaintiff, sought fees, and further noted that the appellate court was divided on whether bad faith on the plaintiff's part was required before fees could be awarded. The trial court found that Ford failed to show that it was entitled to fees, stating that the court had denied all of Ford's substantive motions.

On appeal, we reversed. Recognizing the division in the appellate court, we held that bad faith, while an important consideration, was not a prerequisite to an award of fees to a defendant under the Consumer Fraud Act and that a trial court should consider the totality of the circumstances. Boeckenhauer I, 361 Ill. App. 3d at 475. Because it was unclear whether the trial court denied fees based solely on a determination that the Boeckenhauers did not act in bad faith under Rule 137, we remanded the case for further proceedings.

On remand, the trial court again denied Ford's petition for fees. The court noted various factors to be considered, including the level of bad faith. The court found that there was not a level of bad faith or culpability on the part of the Boeckenhauers that would justify an award of fees. The court further found that fees were not warranted under a variety of other considerations. Thus, looking at the totality of the circumstances, the trial court denied Ford's petition.

Ford appeals. During the pendency of the appeal, the Illinois Supreme Court decided Krautsack II, which abrogated our determination in Boeckenhauer I that a finding of bad faith is not

a prerequisite to an award of fees to a defendant under the Consumer Fraud Act. We granted the Boeckenhauers' motion to cite Krautsack II as additional authority.

## II. ANALYSIS

Ford contends that under the totality of the circumstances, it is entitled to fees and costs as a prevailing party because the franchise agreement and installment contract clearly stated that Rizza was not an agent of Ford. Thus, it argues that the Boeckenhauers' claim was so flimsy that under a variety of considerations, it is entitled to an award of fees. The Boeckenhauers argue that they did not have a copy of the franchise agreement and that the language in the installment contract was buried in the fine print. They also argue that Ford failed to present a sufficient record to show that it is entitled to fees. They further contend that under Krautsack II, the trial court was required to find that they acted in bad faith, and it specifically found that they did not.

### A. General Principles and Standard of Review

Section 10a(c) of the Consumer Fraud Act states that a court "may award *** reasonable attorney's fees and costs to the prevailing party." 815 ILCS 505/10a(c) (West 2002). "The term 'prevailing party' encompasses a prevailing defendant, as well as a prevailing plaintiff." Krautsack II, 223 Ill. 2d at 554.

Section 10a(c) states that the court "may" award fees and costs, and the word "may" ordinarily connotes discretion. Krautsack II, 223 Ill. 2d at 554. Thus, awards under section 10a(c) are left to the discretion of the trial court. Krautsack II, 223 Ill. 2d at 554.

Until recently, there was a split of authority whether a finding of bad faith on the part of the plaintiff was required when a defendant sought fees under section 10a(c). We held that bad faith was not a prerequisite and instead was merely a factor to be considered. Boeckenhauer I, 361 Ill. App.

3d at 476, abrogated, Krautsack II, 223 Ill. 2d at 556-60. The Third and Fourth districts, however, determined that bad faith was a prerequisite. See Casey v. Jerry Yusim Nissan, Inc., 296 Ill. App. 3d 102 (1998), abrogated on other grounds, Krautsack II, 223 Ill. 2d at 562; Haskell v. Blumthal, 204 Ill. App. 3d 596 (1990), abrogated on other grounds, Krautsack II, 223 Ill. 2d at 562. Relying on the Third District opinion in Casey, the First District also found that bad faith was required. Krautsack v. Anderson, 329 Ill. App. 3d 666, 684 (2002) (Krautsack I), rev'd on other grounds, 223 Ill. 2d at 563-66. The Illinois Supreme Court has since clarified that bad faith is a prerequisite. Krautsack II, 223 Ill. 2d at 559-60.

### B. Krautsack II

In Krautsack I, the defendant sought fees and costs under the Consumer Fraud Act, and the First District remanded for further proceedings. The court stated in dicta that a finding of bad faith was required before fees could be awarded to the defendant. On remand, the trial court found that there was no bad faith on the plaintiff's part, and the First District affirmed with a specific holding that bad faith was a prerequisite to a fee award to a defendant. The defendant appealed, and the Illinois Supreme Court affirmed, abrogating Boeckenhauer I. Krautsack II, 223 Ill. 2d at 559-60.

Recognizing the division in the appellate court, the Illinois Supreme Court specifically addressed the issue of whether a finding of bad faith is a prerequisite to an award of attorney fees and costs to a prevailing defendant under section 10a(c) of the Consumer Fraud Act. The court noted principles of statutory construction concerning the need to ascertain and give effect to the intent of the legislature. The court recognized that nothing in the plain language of section 10a(c) conditions a fee award to a defendant on a finding that the plaintiff acted in bad faith or otherwise restricts the

trial court's discretion. But the court stated that the issue must be considered in light of the entire statute and its purpose.

Because the Consumer Fraud Act's purpose is to protect consumers against fraud, and because individual consumer fraud claims are frequently small, the fee provision ensures that defrauded consumers will be able to exercise their rights under the statute. The court found that the allowance of fees to prevailing defendants was motivated by a different concern: " 'to deter bad-faith conduct by a plaintiff and to reimburse a defendant when that occurs.' " Krautsack II, 223 Ill. 2d at 557, quoting Haskell, 204 Ill. App. 3d at 602. Thus, the court determined that limiting a defendant's ability to recover fees to instances where the plaintiff acted in bad faith was consistent with the purpose of the Consumer Fraud Act. The court held that "where a prevailing defendant petitions the trial court for a reasonable attorney fee under section 10a(c), only if the trial court makes a threshold finding that the plaintiff acted in bad faith should the trial court consider other circumstances relevant to its exercise of discretion." Krautsack II, 223 Ill. 2d at 559. The court also clarified that when determining whether a plaintiff acted in bad faith, a trial court is not limited to determining whether the plaintiff violated Supreme Court Rule 137.

Here, the trial court made a specific, reasonable finding that there was insufficient evidence of bad faith on the part of the Boeckenhauers, which under Krautsack II ends the inquiry. Ford argues that the language in the installment contract made it clear that Rizza was not acting as its agent and made the Boeckenhauers' case against it so tenuous that their actions in pursing their claim amounted to bad faith. But the court specifically denied Ford's motions to dismiss and for summary judgment because, in its view, there were factual determinations to be made about the Boeckenhauers' claims. At trial, the Boeckenhauers asserted that Rizza had apparent authority to act

on behalf of Ford, yet Ford has not provided a record of trial testimony to show that the Boeckenhauers' beliefs were in such error as to amount to bad faith. Thus, we presume that the trial court's determination that there was insufficient evidence of bad faith was not an abuse of discretion. See Foutch v. O'Bryant, 99 Ill. 2d 389, 391-92 (1984).

We further conclude that there is no need to remand for a determination about bad faith outside of considerations relevant to Rule 137. Although the court in its first order mentioned application of Rule 137, its second order clarified its finding that there was insufficient evidence of culpability on the part of the Boeckenhauers. As noted, that finding is supported by the record before us.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and GILLERAN JOHNSON, JJ., concur.