# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Rodrigues v. Quinn*, 2013 IL App (1st) 121196

---

| | |
|---|---|
| Appellate Court Caption | ROCHELLE J. RODRIGUES, Plaintiff-Appellant, v. PATRICK QUINN, Governor of the State of Illinois; LISA MADIGAN, Attorney General of the State of Illinois; THE DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION; BRENT E. ADAMS, Secretary of the Department of Financial and Professional Regulation; JAY STEWART, Director of the Division of Professional Regulation of the Department of Financial and Professional Regulation; THE BOARD OF NURSING; and JULIO SANTIAGO, Chairperson of the Board of Nursing, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-12-1196 |
| Filed | May 13, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court upheld the denial of plaintiff's request for an injunction against enforcement of the provision of the Illinois Department of Professional Regulation Law revoking by operation of law the license of a health care worker who has been convicted of a criminal act requiring registration under the Sex Offender Registration Act, notwithstanding the fact that her license as a registered nurse had been restored by the Department of Financial and Professional Regulation after it had been suspended following her conviction for aggravated criminal sexual assault, since the statute applied to plaintiff is rationally related to the public interest in protecting the public from potentially dangerous health care workers and maintaining the integrity of health care professionals, and it is not arbitrary or discriminatory. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-30142; the Hon. Franklin U. Valderrama, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed and remanded. |
| Counsel on Appeal | Broida & Nichele, Ltd., of Naperville (Ronald J. Broida and Joseph K. Nichele, of counsel), for appellant. |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Nadine Wichern, Assistant Attorney General, of counsel), for appellees. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion. |
| | Justices Rochford and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1    At issue in this appeal is the constitutionality of section 2105-165 of the Illinois Department of Professional Regulation Law (20 ILCS 2105/2105-165 (West 2012)) (hereinafter referred to as the Act) as applied to the health-care-worker plaintiff. Subsection (a) of the Act provides that the license of a health care worker as defined in the Health Care Worker Self-Referral Act (225 ILCS 47/1 *et seq.* (West 2012)) who: "(1) has been convicted of a criminal act that requires registration under the Sex Offender Registration Act; (2) has been convicted of a criminal battery against any patient in the course of patient care or treatment, including any offense based on sexual conduct or sexual penetration; (3) has been convicted of a forcible felony; or (4) is required as a part of a criminal sentence to register under the Sex Offender Registration Act *** shall by operation of law be permanently revoked without a hearing." 20 ILCS 2105/2105-165(a) (West 2012). The Act became effective on August 20, 2011.

¶ 2    In 1993, the plaintiff, Rochelle J. Rodrigues, was licensed as a registered nurse pursuant to the Nurse Practice Act (now 225 ILCS 65/50-1 *et seq.* (West 2010)), and she practiced nursing until 2001, when she was convicted of aggravated criminal sexual assault for having a relationship with a 17-year-old neighbor. She was sentenced to five years' imprisonment in 2002 and required to register as a sex offender. As a result of this conviction, the Department of Financial and Professional Regulation (the Department) suspended her nursing license indefinitely and for a period of at least five years. In November 2008, Rodrigues petitioned the Department to restore her nursing license, which it did following an investigation and hearing in 2009. As part of the consent order, Rodrigues was required to retake the National Council Licensure Examination, which she did and passed. She returned to work as a nurse in July 2011.

¶ 3    On August 4, 2011, Rodrigues was notified that her license was being revoked pursuant to the Act. On August 25, 2011, she filed a complaint against the defendants: the Department, Brent E. Adams as Secretary of the Department, Jay Stewart as the Director of the Department's Division of Professional Regulation, the Illinois Board of Nursing (Board), Julio Santiago as the chairperson of the Board, Patrick Quinn as Governor of the State of Illinois, and Lisa Madigan as Attorney General for the State of Illinois. Rodrigues sought a judicial declaration that the Act can be applied only prospectively as the result of convictions that occur after its effective date and injunctive relief preventing the Department from revoking her nursing license as a consequence of her conviction which predated the Act's effective date. On September 7, 2011, Rodrigues filed an emergency petition for a temporary restraining order and preliminary injunction against the defendants after receiving an order from the Department compelling her to notify her employer that she was no longer a licensed registered nurse. On September 8, the circuit court temporarily restrained the defendants from enforcing the Act against Rodrigues until a hearing on her petition for a preliminary injunction could be held. On April 13, 2012, the circuit court denied Rodrigues's petition for a preliminary injunction, finding that she failed to show that she was likely to succeed on the merits of her constitutional claims. Rodrigues timely filed this interlocutory appeal, arguing that the circuit court erred in denying her request for a preliminary injunction.

¶ 4    To be entitled to preliminary injunctive relief, a plaintiff must demonstrate that she (1) possesses a protectable right; (2) will suffer irreparable harm without the protection of an injunction; (3) has no adequate remedy at law; and (4) is likely to be successful on the merits of her action. *Travelport, LP v. American Airlines, Inc.*, 2011 IL App (1st) 111761, ¶ 33. While the plaintiff is not required to make out a case which would entitle her to judgment at trial, she "must establish a 'fair question' as to each of the elements." *Id.* Generally, we review a trial court's denial of a preliminary injunction using the abuse-of-discretion standard. *World Painting Co. v. Costigan*, 2012 IL App (4th) 110869, ¶ 12. However, the standard of review is *de novo* on the issue of whether there is a "fair question" concerning the constitutionality of a statute, which is the issue in this case. *Id.*

¶ 5    Rodrigues contends that the Act was not intended to apply retroactively. As such, she argues that the retroactive application of the Act is unconstitutional because it: (1) violates the constitutional prohibition against *ex post facto* laws; (2) violates the constitutional protection against double jeopardy; (3) infringes on her constitutional right to procedural due process; (4) violates her right to substantive due process because it is not rationally related to the government's interest in protecting the public; and (5) violates her constitutional right to equal protection under the law. We rejected similar claims that the Act violated the proscription against *ex post facto* laws, the constitutional protection against double jeopardy, and the right to procedural due process in *Consiglio v. Department of Financial & Professional Regulation*, 2013 IL App (1st) 121142. We further determined that the Act was neither retroactive nor punitive in its nature and application. *Id.* ¶¶ 16, 30. We find no reason in this case to deviate from our previous holding.

¶ 6    In addition to the arguments that we addressed in *Consiglio*, Rodrigues argues that the Act violates her substantive due process rights in that it is not rationally related to the protection of the public where the Department previously determined that she was not a

threat and reissued her license. She argues the Act, even if its goal of protecting the public is legitimate, is not a rational way to achieve the goal. We disagree.

¶ 7    While individuals enjoy certain property rights in the continued practice of their professions and those rights are entitled to due process protection, this fact does not mean that those rights cannot be affected by the state legislature. *Gersch v. Department of Professional Regulation*, 308 Ill. App. 3d 649, 656 (1999). The "right to pursue a profession is not a fundamental right for due process purposes." *Id.* Where, as here, no fundamental constitutional right is involved, we review the statute using a rational basis analysis. *Russell v. Department of Natural Resources*, 183 Ill. 2d 434, 446 (1998). "Under this test, the statute must bear a reasonable relationship to the public interest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective." *Id.* at 447. "Whether a [statute] is wise or whether it is the best means to achieve the desired result are matters left to the legislature and not the courts." *Gersch*, 308 Ill. App. 3d at 656. "As long as there is a conceivable basis for finding the statute is rationally related to a legitimate state interest, the law must be upheld." *Id.*

¶ 8    The legislature has the power to establish standards for licensing practitioners in order to protect the public health and safety and other valid interests. *Id.* The deprivation of an individual's right to pursue a particular profession is not arbitrary or unreasonable if that deprivation is based upon the individual's failure to comply with conditions or requirements imposed by the legislature for the protection of society. *Id.* Here, the legislature intended to deny health care licenses to anyone with a conviction described in the Act, including one which requires sex offender registry. This statute is rationally related to the public interest in that it seeks to protect the public from potentially dangerous health care workers and to maintain the integrity of the health care professions (see *Consiglio*, 2013 IL App (1st) 121142, ¶ 40); it is neither arbitrary nor discriminatory. While Rodrigues argues that the Department had previously determined that she did not pose a threat to the public, the legislature has determined otherwise and now prohibits her from continuing in her profession. *Panzella v. River Trails School District 26*, 313 Ill. App. 3d 527, 534 (2000) (regarding a statute's amendment affecting school code, "the legislature has an ongoing right to amend a statute"); *Gersch*, 308 Ill. App. 3d at 655-56 (the legislature may regulate a profession if the regulation has a rational basis to a legitimate legislative purpose that is neither arbitrary nor discriminatory). The same due process argument that Rodrigues raises was rejected in the case of *Bhalerao v. Department of Financial & Professional Regulations*, because a rational basis for the Act was "readily discernable" as the government has a strong interest in regulating health care workers and protecting the public from those health care workers with convictions triggered by the Act. See *Bhalerao v. Illinois Department of Financial & Professional Regulations*, 834 F. Supp. 2d 775, 784 (N.D. Ill. 2011).

¶ 9    We further reject Rodrigues's reliance on *Garrido v. Cook County Sheriff's Merit Board*, 349 Ill. App. 3d 68 (2004), for her contention that the Act violates her right to due process. *Garrido* is easily distinguishable. In *Garrido*, the employee tested positive for cocaine and was terminated after an evidentiary hearing, pursuant to a zero-tolerance drug policy. *Id.* at 79. However, the evidence established that the employee ingested a tea while in a foreign country, unaware that it contained trace amounts of cocaine. *Id.* at 78. Here, Rodrigues had

the opportunity to present evidence of her innocence of the sexual assault offense prior to her conviction. Unlike in *Garrido*, where the court held that there was no rational basis for the zero-tolerance termination for an innocent consumption of cocaine, the basis for Rodrigues's license revocation was her conviction of an offense requiring *scienter*. We therefore do not find the reasoning in *Garrido* applicable here.

¶ 10 We likewise reject Rodrigues's claim that the Act violates the equal protection clause of the United States and Illinois Constitutions. U.S. Const., amend. XIV, § 1; Ill. Const. 1970, art. I, § 2. We analyze the state equal protection clause in lockstep with the federal clause. See *Arvia v. Madigan*, 209 Ill. 2d 520, 536-37 (2004). Where, as here, the statute in question involves a property right and not a fundamental right, we review the statute under the rational basis test. *Id.* at 537. Under the rational basis test, the legislation is upheld if the classification it creates is rationally related to a legitimate state interest. *Id.* We have already determined that the Act is rationally related to a legitimate state purpose of protecting the public from health care workers with certain convictions and maintaining the integrity of the health care professions; thus, the classification of that the Act creates does not violate the equal protection clause.

¶ 11 Based on the foregoing reasons, the circuit court did not err in denying Rodrigues's petition for a preliminary injunction. We therefore affirm the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with the opinions explained herein.

¶ 12 Affirmed and remanded.